<u>United States District Court</u>
<u>District Of Connecticut</u>

FILED
2003 DEC 12 P 4: 55

Duane Ziemba                    Civil Action No.
                                3:02 cv 2216 (DJS)(TPS)

VS.

John Armstrong, et al.          December 10, 2003

<u>Memorandum Of Law In Support</u>
<u>Of Motion For Preliminary Injunction</u>
<u>And/Or Temporary Restraining Order</u>

I. <u>Preliminary Statement</u>

The plaintiff, incarcerated in the Connecticut Department of Correction, moves this honorable Court to grant him an immediate preliminary injunction and/or temporary restraining order, enjoining the defendants and their agents from continuing to in retaliation, inflict irreparable harm, by denying him stationery, legal envelopes, and legal copies, thereby Unconstitutionally denying and obstructing the plaintiff the right of meaningful access to the Courts.

<u>Oral Argument Is Requested</u>

## II. Standard Of Review

In this circuit, the standard for injunctive relief is well established. The moving party "must demonstrate (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and balance of hardships tipping decidedly toward [that] party....." King v. Innovation Books, 976 F.2d 824, 828 (2d Cir. 1992) (quoting Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991).

## III. Argument And Facts

### A. The Plaintiff Is Threatened With Serious Irreparable Harm And Damage

See the attached exhibit A and B. These two affidavits support that the defendants and their agents, in retaliation, have/are denying the plaintiff adequate stationery, legal envelopes, and legal copies. Which is denying/obstructing the plaintiff his right of access to the Court with respect to litigating this meritorious lawsuit. This meritorious action will be irreparably harmed if the Court does not grant this motion. Because

#2

It is clearly impossible for the plaintiff to litigate this case when he is intentionally being denied access to the court. The Due Process Clause of the Fourteenth Amendment guarantees State inmates the right to "adequate, effective, and meaningful" access to the Courts. Bounds V. Smith, 430 U.S. 817, 822, 52 L.E.d 2d 72, 97 S.Ct. 1491 (1977). Moreover, the Constitution protects with special solicitude, a prisoner's access to the Courts. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.E.d. 1034 (1941); Johnson V. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.E.d 2d 718 (1969).

In addition: It is well-established that prison officials may not retaliate against inmates for exercising their Constitutional rights. Franco V. Kelly, 854 F.2d 584, 589 (2d Cir. 1988); Grillo V. Coughlin, 31 F.3d 53, 57 (2d Cir. 1994); Dixon V. Brown, 38 F.3d 379; 1994 U.S. App. LEXIS 29158 (1994); Gill V. Mooney, 824 F.2d at 194; accord, e.g., Davis V. Kelly, 160 F.3d 917, 920 (2d Cir. 1998); Graham V. Henderson, 89 F.3d 75, 80 (2d Cir. 1996); Colon V. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995); Smith V. Campbell, 250 F.3d 1032 (6th Cir. 2001); See Procunier V. Martinez, 416 U.S. 396, 419, 94 S.Ct. 1800 (1974) regulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the Courts are invalid.
→ Indeed, the defendants have and

#3

actively are denying the plaintiff access to the courts, in retaliation, by denying him adequate stationery, legal envelopes, and legal copies. See the attached affidavits, even the Warden Wayne Choinski has stated "that his staff or him will not assist the plaintiff in access to court". This conduct is extremely Unconstitutional and has/is inflicting serious irreparable harm to the plaintiff.

B. <u>The Balance Of Hardships Favors The Plaintiff</u>

The suffering of the plaintiff if this motion is denied will outweigh the suffering of the defendants. This case will most likely be unjustly dismissed if the court denies this motion. Thereby causing great harm by unjustly denying plaintiff the relief sought in this lawsuit. The suffering that the defendants will experience if the court grants this motion will consist of providing the plaintiff meaningful access to the courts, something that the defendants do, and are obligated to do, for the entire prison population on a daily basis. The defendants hardship will amount to no more than business as usual.

C. <u>The Plaintiff Is Likely To Succeed On Merits</u>

The plaintiff has a truly overwhelming likelihood

#4

of success on the merits of this lawsuit. When refering to the facts in the complaint it is indisputable that the defendants conduct has violated the plaintiff's Constitutional rights.

D. <u>Plaintiff Should Not Post Security</u>

Usually a litigent who obtains interim injunctive relief is asked to post security. Rule 65(c). However, the plaintiff is an indigent prisoner and is unable to post security. The Court has discretion to excuse an impoverished litigant from posting security. <u>Orantes v. Smith</u>, 541 F.Supp 351, 385 n.30 (C.D. Cal. 1982).

Wherefore, this honorable Court should grant a temporary and preliminary injunction and/or temporary restraining order enjoing the defendants, their successors, agents, employees and all persons working in concert or participation with them, from continuing to violate the plaintiff's Constitutional rights of access to the Courts, and for the plaintiff to be provided adequate stationery, legal envelopes, and legal copies for adequate, effective, and meaningful access to Court.

#5

Attachment A

<u>United States District Court</u>
<u>District of Connecticut</u>

FILED
2003 DEC 12 P 4:55

<u>Duane Ziemba</u>                    <u>Civil Action No.</u>
                                    <u>3:02 cv 2216 (DJS)(TPS)</u>
vs.

<u>John Armstrong, et al.</u>          <u>December 10, 2003</u>

<u>Plaintiff's Affidavit In Support</u>
<u>Of Motion For Preliminary Injunction</u>
<u>And/Or Temporary Restraining Order</u>

I, Duane Ziemba, hereby under oath deposes and says the following:

1. The attached trust account statement is a print out of my inmate account. In violation of Administrative Directive 3.7 and restitution order on 10/21/03 and 11/14/03 accounting has taken $110.00 of the money sent to me as a gift by my family, reducing unjustly my account to indigent status. Thereby precluding me from buying writing paper and envelopes for access to the courts. I have repeatedly addressed this matter with accounting, Warden Choinski, Majors McGill and Torres, and Counselor Viscomi, each one of them

have deliberately failed and refused to remedy this indisputable serious violation.

2. I am legally indigent due to all of the money sent to me has unjustly been taken and I have been left at indigent status.

3. Under Department policy, Directive 10.7 I have been provided with five legal envelopes a month. However, this Directives states that additional legal envelopes may be authorized upon reasonable needs. Each and every month when I have have had a legally confirmed need for additional legal envelopes, they have been intentionally denied to me, thereby denying access to the courts.

4. I have been and continue to be unjustly denied writing paper, to draft complaints, motions and complete discovery and etc. No adequate writing paper has been provided to me. The few times that Counselor Viscomi has given me paper, it was only 9 pieces and 14 pieces, which is grossly knowingly inadequate. Thereby denying access to the courts.

5. I have been and continue to be unjustly

#2

denied legal copies. And when Counselor Viscomi has made my legal copies, he has freely admitted to unlawfully reading my legal material, to making an extra copy of my legal documents for the administration, and to stealing legal documents out of my submitted copywork.

6. I have a high volume of unanswed requests and administrative grievances relevant to this case and relevant to the fact that I exhausted all administrative remedies pursuant to the Prison Litigation Reform Act. I have been totally denied legal copies of these documents and also denied copies of the numerous grievances that I needed to attach ⟶ hereto as exhibits.

7. Counselor Viscomi has repeatedly told me "that he is going to make sure I lose all my lawsuits."

8. Warden Choinski has repeatedly told me "that I must be crazy if I think his staff or him are going to assist me in suing Department employees."

9. Verbally and through numerous letters, requests, grievances and appeals, I have addressed these

#3

Serious violations with Commissioner Lantz, Deputy Commissioner Murphy, Mr. Acosta, Warden Choinski, Major's McGill, Rose and Torres, Captain Regan, Counselor Supervisor Bradway and counselor Viscomi ————→ all to no avail. Each-one of these prison officials has very intentionally failed and refused to remedy the on-going blatant violations of my right of access to the Courts. Because the Department in fact has a well known policy and custom of inflicting severe retaliation against inmates (me) who file and litigate lawsuits against Department employees.

   I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Signed: *Duane Ziemba*
Duane Ziemba

Respectfully Submitted
*Duane Ziemba*
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

#4

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 10th day of December, 2003:

Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

#5

```
WAL100              CONNECTICUT DEPARTMENT OF CORRECTION              OTRTASTA
                         TRUST ACCOUNT STATEMENT                    4.10.0.0.9 TR
```

DOC: 0000128963      Name: ZIEMBA, DUANE WILFORD                    DOB: 10/07/1967
LOCATION: 141-6

Max Date:

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|---|---|---|---|---|
| 07/23/2002 | CRS | CRS SAL ORD #1185864 D1 | ( 2.38) | 0.37 |
| 10/07/2002 | DMR | Mail Receipts    141 | 50.00 | 50.37 |
| 10/22/2002 | CRS | CRS SAL ORD #1350176 D1 | ( 22.26) | 28.11 |
| 10/24/2002 | WFMS | Med Sick Fee 141 | ( 3.00) | 25.11 |
| 10/30/2002 | CRS | CRS SAL ORD #1362010 D1 | ( 24.06) | 1.05 |
| 11/04/2002 | CEC | CEC SAL ORD #1350176 | 2.93 | 3.98 |
| 11/07/2002 | CEC | CEC SAL ORD #1362010 | 24.06 | 28.04 |
| 11/12/2002 | CRS | CRS SAL ORD #1386211 D1 | ( 19.16) | 8.88 |
| 11/27/2002 | CRS | CRS SAL ORD #1408485 D1 | ( 8.62) | 0.26 |
| 12/03/2002 | DMR | Mail Receipts    141 | 100.00 | 100.26 |
| 12/09/2002 | OT | Sub-Account Transfer | ( 5.84) | 94.42 |
| 12/10/2002 | CRS | CRS SAL ORD #1440824 D1 | ( 24.32) | 70.10 |
| 12/18/2002 | CRS | CRS SAL ORD #1457307 D1 | ( 20.11) | 49.99 |
| 12/20/2002 | CEC | CEC SAL ORD #1440824 | 24.32 | 74.31 |
| 12/26/2002 | CRS | CRS SAL ORD #1471024 D1 | ( 21.76) | 52.55 |
| 12/31/2002 | CRS | CRS SAL ORD #1481893 D1 | ( 23.65) | 28.90 |
| 01/09/2003 | CEC | CEC SAL ORD #1481893 | 23.65 | 52.55 |
| 01/21/2003 | CRS | CRS SAL ORD #1520440 D1 | ( 17.29) | 35.26 |
| 01/28/2003 | CRS | CRS SAL ORD #1535730 D1 | ( 14.43) | 20.83 |
| 02/13/2003 | CRS | CRS SAL ORD #1564017 D1 | ( 14.31) | 6.52 |
| 02/25/2003 | CRS | CRS SAL ORD #1587561 D1 | ( 5.58) | 0.94 |
| 04/01/2003 | DMR | Mail Receipts    141 | 20.00 | 20.94 |
| 04/01/2003 | DED | Deduction-PLRA-12092002 | ( 4.00) | 16.94 |
| 04/15/2003 | OT | Sub-Account Transfer | ( 7.70) | 9.24 |
| 04/15/2003 | CRS | CRS SAL ORD #1686475 D1 | ( 9.19) | 0.05 |
| 05/29/2003 | DMR | Mail Receipts    141 | 50.00 | 50.05 |
| 05/29/2003 | DED | Deduction-PLRA-12092002 | ( 10.00) | 40.05 |
| 06/03/2003 | CRS | CRS SAL ORD #1780178 D1 | ( 18.09) | 21.96 |
| 06/10/2003 | CRS | CRS SAL ORD #1792744 D1 | ( 12.18) | 9.78 |
| 06/25/2003 | CRS | CRS SAL ORD #1819131 D1 | ( 9.12) | 0.66 |
| 10/15/2003 | CRS | CRS SAL ORD #2029166 D1 | ( 0.58) | 0.08 |
| 10/17/2003 | DED | Deduction-ORES-141 - 10/08/03 | ( 0.08) | 0.00 |
| 10/21/2003 | DMR | Mail Receipts    141 | 30.00 | 30.00 |
| 10/21/2003 | DED | Deduction-PLRA-12092002 | ( 6.00) | 24.00 |
| 10/21/2003 | DED | Deduction-ORES-141 - 10/08/03 | ( 24.00) | 0.00 |
| 11/14/2003 | DMR | Mail Receipts    141 | 80.00 | 80.00 |
| 11/14/2003 | DED | Deduction-PLRA-12092002 | ( 16.00) | 64.00 |

DOC: 0000128963    Name: ZIEMBA, DUANE WILFORD                    DOB: 10/07/1967
LOCATION: 141-6

                                                                  Max Date:

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|---|---|---|---|---|
| 11/14/2003 | DED | Deduction-ORES-141 - 10/08/03 | ( 64.00) | 0.00 |
| 12/03/2003 | DED | REV GL#2370396, chg revoked | 0.08 | 0.08 |
| 12/03/2003 | DED | REV GL#2375713, chg revoked | 24.00 | 24.08 |
| 12/03/2003 | DED | REV GL#2429680, chg revoked | 64.00 | 88.08 |
| 12/03/2003 | DED | Deduction-ORES-141 - 10/29/03 | ( 88.08) | 0.00 |

Attachment B

<u>United States District Court</u>
<u>District of Connecticut</u>

<u>Duane Ziemba</u>           <u>Civil Action No.</u>
                                 <u>3:02cv2216(DJS)(TPS)</u>

<u>VS.</u>

<u>John Armstrong, et al.</u>      <u>December 10, 2003</u>

<u>Affidavit By Angel Caballero #214362</u>

I, Angel Caballero, hereby deposes and says:

#1. I am over the age of 18 and understand the obligation of an oath.

#2. I am incarcerated at Northern C.I. in One East Unit Cell #111, and my cell partner is Duane Ziemba #128963.

#3. I have personally given Mr. Ziemba writing paper and envelopes to help him, because the 'Unit Counselor Viscomi' has and actively is in retaliation refusing to provide, Mr. Ziemba, with paper, envelopes and repeatedly has refused to make his legal copies.

#4. I have personally witnessed Counselor Viscomi

Mr. Bradway, Unit Manager Captain Regan, facility Majors McGill, Rose and Torres as well as the Warden Wayne Choinski all in clear retaliation against Mr. Ziemba, they have denied him writing paper, legal envelopes and legal copies. They have intentionally ensured that their subordinates do not provide Mr. Ziemba with these mandated items for access to the Courts.

#5. I have personally witnessed Counselor Viscomi, state to Mr. Ziemba in a hostile manner the following: "That he is making sure he loses all of his fucking lawsuits! And not to bother complaining to the Warden, because the Warden will never take an inmate's side before his own staff!"

#6. I have personally witnessed the Warden Wayne Choinski, state to Mr. Ziemba in numerous occassions the following; "That Mr. Ziemba is completely crazy and out of his damn mind if he thinks his staff or him are going to assist him in suing fellow department employees!"

#7. I have personally witnessed Counselor Viscomi state to Mr. Ziemba, "that when he has made his legal copies he read the legal documents and made an extra copy for the Administration to 'check out' as he puts it"

#2

#8. I have personally witnessed that when Counselor Viscomi has made Mr. Ziemba's legal copies, he has returned them with legal documents stolen out of the legal copywork.

#9. I have personally witnessed Counselor Viscomi, and his Supervisor Officials, Mr. Bradway, Captain Regan, Majors McGill, Rose, Torres and Warden Choinski himself truly terrorize, Mr. Ziemba and provoke him to attempt to make him angry.

#10. It is very clear that due to Mr. Ziemba suing Department prison officials they have and are blatantly carrying out serious retaliation against him.

Pursuant to U.S.C. §1746 of Title 28, I declare under penalty of perjury that the foregoing is true and accurate.

Signed: Angel Caballero Jr.
On December 8th, 2003

By: Angel Caballero, Jr.
Angel Caballero, Jr.
#214362
Northern C.I.
P.O. Box 665
Somers, CT 06071.

#-3-