UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Duane Ziemba | : | PRISONER |
| | | 3:02CV2216(DJS)(TPS) |
| v. | : | |
| John J. Armstrong, et al | : | January 2, 2004 |

## MEMORANDUM IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER

The plaintiff has moved in this matter for a preliminary injunction and in the alternative for a Temporary Restraining Order regarding access to "adequate stationery, legal envelopes, and legal copies." In support of his motion, he files a Memorandum of Law naming various correctional officials who are not defendants in this matter. In further support of his motion, he files two Affidavits, his own and one from his cellmate, inmate Caballero. He also attaches copied pages from his inmate account.

At the same time the plaintiff filed this motion in this matter, he filed a motion in another matter he has pending in federal court. See attached. The motion and supporting documents in the other matter are identical to the motion and supporting documents in this matter in every way except for the caption and the attorney certified. The same copies and Affidavits are attached.

The very fact that the plaintiff was able to so efficiently file two such identical motions with several attachments at the same time belies his claims that he is somehow being "denied access to the Courts." Indeed, an electronic review of the plaintiff's many matters pending before the federal courts in this state shows that the plaintiff has no less than eight active matters currently pending in federal district court, five of which he is handling on his own. The undersigned counsel handles two of those matters, and can represent that the plaintiff files such

voluminous and repetitive motions and discovery that she has filed three motions for Protective Orders in the case entitled *Ziemba v. Milling*, 3:02cv00258(DFM). Indeed, the plaintiff has abundant access to the Courts, to paper, stationery and other necessary materials such that he has been termed a 'recreational litigant" by the undersigned counsel in pleadings filed by the custody.

More importantly, the subject of the motion for a Temporary Restraining Order and/or a preliminary injunction does not claim that any of the defendants in this matter are responsible for or even aware of the claimed lack of stationery of the plaintiff. The claimed lack of stationery and the like is such an impersonal claim that the plaintiff makes it in two actions. Nor is the claimed lack of access to stationery the substance of the complaint in this action. Thus, the plaintiff's claims for relief are inappropriate, and should be denied.

                                    DEFENDANTS
                                    John Armstrong, et al

                                    RICHARD BLUMENTHAL
                                    ATTORNEY GENERAL


                            BY:     _____
                                    Lynn D. Wittenbrink
                                    Assistant Attorney General
                                    110 Sherman Street
                                    Hartford, CT  06105
                                    Federal Bar #ct08575
                                    lynn.wittenbrink@po.state.ct.us
                                    Tel: (860) 808-5450
                                    Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 2d day of January 2004:

Duane Ziemba
#128963
Northern Correctional Institution
P.O. Box 665
Somers, CT   06071

Lynn D. Wittenbrink
Assistant Attorney General

<u>United States District Court</u>     FILED
<u>District Of Connecticut</u>
                                      2003 DEC 12 P 4:55

Duane Ziemba              Civil Action No.
                          3:03 cv 1241 (AWT)(DFM)
vs.

Maurice Butler, et al.     December 10, 2003

<u>Motion For Preliminary Injunction</u>
<u>And/Or Temporary Restraining Order</u>

   The plaintiff respectfully moves this honorable Court to grant him a preliminary injunction and/or temporary restraining order against the defendants and their agents, ordering for the defendants to provide the plaintiff adequate stationery, legal envelopes and legal copies for the plaintiffs right of access to the Court. And to enjoin the defendants from their blatant — harmful retaliation against the plaintiff due to his litigation.

   A memorandum of law is accompanying this motion which supports that this motion should be granted in all respects.

<u>Oral Argument Is Requested</u>

Respectfully Submitted

*Duane Ziemba*
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 10th day of December, 2003:

Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

#2

United States District Court
District of Connecticut

FILED
2003 DEC 12 P 4:55
U.S. D...

Duane Ziemba

Civil Action No.
3:03 cv 1241 (AWT)(DFM)

vs.

Maurice Butler, et al.          December 10, 2003

## Memorandum Of Law In Support Of Motion For Preliminary Injunction And/Or Temporary Restraining Order

### I. Preliminary Statement

The plaintiff, incarcerated in the Connecticut Department of Correction, moves this honorable Court to grant him an immediate preliminary injunction and/or temporary restraining order, enjoining the defendants and their agents from continuing to in retaliation, inflict irreparable harm, by their - intentionally denying him stationery, legal envelopes and legal copies, thereby unconstitutionally denying and obstructing the plaintiff his fundamental Constitutional right of access to the Courts as guaranteed by the —

Oral Argument Is Requested

First and Fourteenth Amendments, and Equal Protection Clause, Article IV., Under the First and Fourteenth Amendments of the United States Constitution.

II. Standard Of Review

In this circuit, the standard for injunctive relief is well—established. The moving party "must demonstrate (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward [that] party...." King v. Innovation Books, 976 F.2d 824, 828 (2d Cir. 1992) (quoting Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991). Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, the plaintiff must show "'an injury that is neither remote nor speculative, but actual and imminent' and that

#2

Clause of the Fourteenth Amendment guarantees State inmates the right to "adequate, effective, and meaningful" access to the Courts. Bounds v. Smith, 430 U.S. 817, 822, 52 L.Ed.2d 72, 97 S.Ct. 1491 (1977). Moreover, the Constitution protects with special solicitude, a prisoner's access to the Courts. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L. Ed. 1034 (1941); Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). It is well-established that prison officials may not retaliate against inmates for exercising their Constitutional rights. Franco v. Kelly, 854 F.2d 584, 589 (2d Cir. 1988); → See Zurak v. Regan, 550 F.2d 86 (2d Cir. 1977) practices which unreasonably burden inmates opportunity to prepare his defense are Unconstitutional. See Procunier v. Martinez, 416 U.S. 396, 419, 94 S.Ct. 1800 (1974) regulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the Courts are invalid.

The defendants and their agents have and actively are, in retaliation, intentionally denying the plaintiff his right of access to the Court, by denying him adequate stationery, legal envelopes, and legal copies. See the attached exhibits A and B where even the Warden-defendant Wayne Choinski has stated that he

#4

will not and his staff will not assist the plaintiff in suing Department Officials. This conduct is extremely Unconstitutional and is actively inflicting irreparable harm to the plaintiff and this meritorous action.

### B. The Balance Of Hardships Favors Plaintiff

The suffering of the plaintiff if this motion is denied will outweigh the suffering of the defendants if the motion is granted. The plaintiff's Consitutional rights of access to the Court are being actively violated and this case will most likely be dismissed unjustly if this motion is denied. The plaintiff will be permanently harmed due to being denied the relief sought. The suffering the defendants will experience if the Court grants this motion will consist of providing the plaintiff meaningful access to the Court, Something that the defendants do, and are obligated to do, for the entire prison population on a daily basis. The defendants hardship will amount to no more than business as usual.

### C. The Plaintiff Is Likely To Succeed On Merits

The plaintiff has a truly overwhelming likelihood

#5

litigant from posting security. <u>Orantes-Hernandez v. Smith</u>, 541 F.Supp. 351, 385 n. 30 (C.D.Cal.1982); <u>J.L. v. Parham</u>, 412 F.Supp. 112, 140 (D.Ga.1976), rev'd on other grounds, 442 U.S. 584, 99 S.Ct. 2493 (1979). In view of the serious harm confronting the plaintiff, the Court should grant the relief requested without requiring the posting of security.

Wherefore, this honorable Court should grant a temporary, preliminary and permanent injunctions and/or temporary restraining order enjoining the defendants, their successors, agents, employees and all persons working in concert or participation with them, from continuing to violate the plaintiff's constitutional rights of access to the Courts, and for the plaintiff to be provided with adequate stationery, legal envelopes, and legal copies for meaningful, adequate and effective court access.

<u>Respectfully Submitted</u>
*Duane Ziemba*
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 10th day of December, 2003:

Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT. ~~06~~ 06105

By: Duane Ziemba
Duane Ziemba

#8