## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Duane Ziemba | : | PRISONER |
| | | 3:02CV2216(DJS)(TPS) |
| v. | : | |
| John Armstrong, et al | : | May 28, 2004 |

## **MOTION FOR PROTECTIVE ORDER FROM DISCOVERY**

The defendants in the above-captioned matter respectfully move for an order protecting them from what has become duplicative and harassing discovery by the plaintiff, a *pro se* inmate, in the above-captioned matter. The defendants have already responded to the following discovery in this matter which was sent at intervals by the plaintiff:

1) Interrogatories to the Dr. Blanchette

2) Interrogatories to Dr. Wright

3) Interrogatories to Lt. Oglesby

4) Interrogatories to former Warden Myers

5) Interrogatories to former Deputy Commissioner Tokarz

6) Request for Admissions to former Deputy Commissioner Tokarz

7) Interrogatories to Warden Whidden

8) Interrogatories to Nurse Wollenhaupt

9) Request for Admissions to Nurse Wollenhaupt

10) Request for Admissions to former Warden Myers

11) Interrogatories to Warden Lajoie

12) Interrogatories to Major Coates.

Notwithstanding the responses to these discovery requests, the plaintiff continues to issue discovery requests on a serial basis in what can only be described as a bad faith attempt to cause undue annoyance and harassment in violation of Federal Rules of Civil Procedure. The defendants are scattered and the plaintiff continues to seek their compliance with discovery in a serial manner, necessitating multiple meetings after a response to one form of discovery has already been given. The undersigned counsel is handling numerous matters in state and federal court and in other venues and the constant discovery by this *pro se* inmate is most difficult to keep up with. Moreover, the plaintiff's discovery includes second requests for discovery upon some of the parties as well as Request for Admissions upon parties who have already responded to discovery. This discovery appears to be for the purpose of recreational litigation rather than for the purpose of advancing the plaintiff's cause of action.

Wherefore, the defendants respectfully move this Court for a Protective Order from further discovery. In the alternative, the defendants seek an extension of 75 days within which to respond to the plaintiff's lengthy Interrogatories and Request for Admissions.

    Respectfully submitted
    DEFENDANTS
    John Armstrong, at al

    RICHARD BLUMENTHAL
    ATTORNEY GENERAL

BY:   /s/_____
    Lynn D. Wittenbrink
    Assistant Attorney General
    110 Sherman Street
    Hartford, CT  06105
    Federal Bar #ct08575
    lynn.wittenbrink@po.state.ct.us
    Tel: (860) 808-5450
    Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 28th day of May 2004:

Duane Ziemba, # 128963
Northern Correctional Institution
PO Box 665
Somers, CT  06071

                                                       _/s/_____
                                                       Lynn D. Wittenbrink
                                                       Assistant Attorney General

No. 003898920