# United States District Court
## District Of Connecticut

**FILED**
2004 JUN -8 P 5:46
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Duane Ziemba | Civil Action No.
            | 3:02 cv 2216 (DJS)(TPS)
vs.         |
John Armstrong, et al. | June 4, 2004

## Objection To Defendants' Motion For Protective Order From Discovery

Pursuant to Rules 26 through 37, Fed. R. Civ. P., the plaintiff hereby respectfully – strenuously opposes the defendant's circumventive, unjust motion seeking a protective order from plaintiff's (essential) discovery. The defendants' motion is Constitutionally unacceptable, and as a matter of law, should forthwith be denied for the following stated reasons:

1. The bigoted counsel for the defendants in her said motion (and repeatedly) has unjustifiably called the pro se plaintiff "a recreational litigator", due to the plaintiff

having numerous civil right pending lawsuits. It is abundantly clear that the plaintiff (who is a non-violent offender) has been grotesquely -- maliciously -- and violently permanently disfigured for life, and physically damaged. Directly hands on by the Connecticut (defendants' named in lawsuits) prison officials. Accordingly, the plaintiff therefore does in fact have numerous - very meritorious pending lawsuits herein the Connecticut District Courts...
Notwithstanding these facts -- thus does not now, and at no time within the future shall constitute the plaintiff as: "a recreation litigator". Ultimately the plaintiff has (very respectfully) turned towards the law for justice, and he has not went down to the defendants' inhumane levels by violently - physically hurting (the defendants) them back. Even the bigoted counsel for the defendants' should respect these cold facts.

2. Moreover: the plaintiff is permanently for the rest of his life grossly disfigured, and physically damaged. Directly due to

#2

the Connecticut prison officials (defendants' in lawsuits) subhuman and subanimal conduct. The private attorneys who represent the plaintiff in several of the lawsuits, and the plaintiff as pro se, shall continue to be relentless with respect to the (very carefully) filing and litigation of the thoroughly -- meritorious lawsuits. Until in accordance with the precedents of law adequate compensation is forthcoming. It is fundamentally important to the administration of justice and the penal system.

3. This honorable Court by the first scheduling order dated December 3, 2003 – ordered that discovery pursuant to Fed.R. Civ. P., Rules 26 through 37, shall be completed within six months (180 days). Accordingly the plaintiff thereafter filed a very small amount of discovery. However, the Court records reflect that thereon counsel for defendants filed one motion for extension of time after another to respond to plaintiff's discovery (to intentionally run out the Court's discovery order) – and now

#3

incredibly counsel has filed the motion seeking a protective order from plaintiff's (essential) discovery. This circumventive, counterproductive misconduct by counsel is Constitutionally unacceptable, as it is extremely prejudicial to the plaintiff, thereby totally denying plaintiff all of the essential discovery herein this case.

4. It is understandable that counsel for the defendants' is busy handling other matters in state and federal courts. However, this does not justify the intentional circumventing of the discovery proceedings of this case. And permanently prejudicing this case. If counsel for the defendants' continues to intentionally fail and refuse to cooperate in the discovery proceedings of this case, then Default with Sanctions must be entered against each defendant in this action.

5. <u>Katz v. Batavia Marine and Sporting Supplies, 984 F.2d 422 (Fed. Cir. 1993) Fed. R. Civ. P.</u> contemplate liberal discovery in interest of

#4

just and complete resolution of disputes. And see: <u>Carmona V. Toledo, 215 F3d 124 (1st Cir. 2000)</u>. A party that seeks discovery expediously is not obligated to take heroic measures to enforce his right against a recalcitrant opponent.

6. It is legally indisputable that the pro se plaintiff has the same rights to discovery as if an attorney was litigating this case. However, counsel for the defendants has not respected plaintiff's discovery rights, and has indeed utterly circumvented the discovery proceeding in this case. Such overt misconduct would not be tolerated if a private attorney was litigating this case, and therefore should not be tolerated by this honorable Court. This honorable Court should place the recalcitrant defendants' on notice, that if they fail to expediously cooperate in the discovery proceedings <u>any further</u>, Default and Sanctions shall be entered.

Wherefore, for all of the foregoing reasons defendants' motion seeking a protective

#5

order should be denied.

Respectfully Submitted
The Plaintiff
*Duane Ziemba*
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

#6

<u>Certification</u>

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of June 2004:

Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

#7