UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 JUN 25 P 12: 05
U.S. DISTRICT COURT
HARTFORD CT

DUANE ZIEMBA

v.

JOHN ARMSTRONG, ET AL.

PRISONER CASE NO.
3:02-cv-2216 (DJS) (TPS)

### RULING AND ORDER

Pending are five motions filed by the defendants and four motions filed by the plaintiff. The court will address the plaintiff's motions first.

I.  Motions for Entry of Default [docs. ## 18, 25]

The plaintiff seeks to default the defendants for failure to plead to his amended complaint. The defendants filed a motion to strike several sections of the amended complaint on March 22, 2004. Because the defendants are not in default, the plaintiff's motions are denied.

II. Motion for Leave to File an Amended Complaint [doc. # 10]

The plaintiff seeks leave to file a second amended complaint to clarify the claim in the first amended complaint, to add new claims of denial of recreation and to add ten new defendants. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Although a court should grant leave to amend "when justice so requires," the Second Circuit has observed that a "'district court need not allow

itself to be imposed upon by the presentation of theories seriatim.'" Id.; State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990)(citation omitted). Here, the plaintiff has already filed an amended complaint. Thus, the plaintiff must seek leave to file a second amended complaint.

Underlying Rule 15(a) is an assumption that the amended or supplemental complaint will clarify or amplify the original cause of action rather than incorporate additional causes of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

In addition, Rule 15(d) of the Federal Rules of Civil Procedure permits a party, under certain circumstances, "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The threshold consideration for the district court is whether "the supplemental facts connect [the supplemental pleading] to the original pleading." Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995)(citing Bornholdt v. Brady, 869 F.2d 57, 68 (2d Cir. 1989); LaSalvia v. United Dairymen, 804 F.2d 1113, 1119 (9th Cir. 1986), cert. denied, 482 U.S. 928 (1987)). Courts routinely

refuse to permit amended or supplemental pleadings in which the plaintiff attempts to add claims which are substantially different from claims included in the original complaint. See <u>Fuller v. Sec'y of Defense of U.S.</u>, 30 F.3d 86, 89 (8th Cir. 1994)(holding "district court did not abuse its discretion when it denied [plaintiff's] motion for leave to amend to add ten additional defendants and substantially different claims arising from fundamentally different facts"), <u>cert. denied</u>, 513 U.S. 1019 (1994); <u>Chaveriat v. Williams Pipe Line Co.</u>, 11 F.3d 1420, 1428-29 (7th Cir. 1993)(holding district court did not abuse its discretion in denying leave to amend to add entirely new and separate claim).

The first amended complaint includes claims that the defendants have denied the plaintiff his right to recreation and to meaningful exercise from May 18, 2002 through April 29, 2003, have been deliberately indifferent to his serious back injury by requiring him to be handcuffed behind his back, have denied him access to the courts by stealing his state habeas petition and have retaliated against him for filing various lawsuits against the Department of Correction. The plaintiff now seeks to add claims concerning a new recreation policy that was adopted by the Department of Correction in March 2003, and was implemented on May 19, 2003. The plaintiff also seeks to add claims that ten new individuals were involved in the denial of recreation prior to the implementation of the new policy as well as the denial of recreation after the implementation of the policy.

The plaintiff does not allege that the claims and defendants he seeks to add relating to the alleged denial of recreation and exercise prior to the implementation of the new recreation policy were not known to him when he filed his first amended complaint in April 2003. See Berman v. Parco, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) (noting that "'Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay . . . .'") (citations omitted). In addition, the claims concerning a new recreation policy implemented in May 2003, are not sufficiently related to the existing claims concerning the recreation policy prior to May 2003. Thus, the addition of the new claims is not warranted. See Chaveriat, 11 F.3d at 1429 (determining that fact that two oil spills came from same pipeline and polluted same area did not make them part of same claim so as to require leave to amend). The court concludes that to permit the plaintiff to amend/supplement his complaint at this point in the case to add new allegations that occurred after the filing of the first amended complaint as well as ten new defendants would unnecessarily delay the prosecution of this case and would also prejudice the defendants. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.") (citation omitted); Ansam Assoc., Inc. v. Cola Petroleum, Lts., 760 F.3d 442 446 (2d Cir. 1985) (where

untimely amendment would lead to increased scope of discovery denial of leave to amend held proper); Barrows v. Forest Labs., Inc., 742 F.2d 54, 58 (2d Cir. 1984)(undue delay, bad faith and prejudice to opposing party are "touchstones" of court's discretion to deny leave to amend).

Thus, for the reasons set forth above, the court concludes that, at this stage of the proceedings, justice does not require the court to permit the plaintiff to add ten new defendants, allegations concerning those defendants or allegations regarding a new recreation policy implemented in May 2003. The court will permit the plaintiff to file a second amended complaint to clarify the existing claims against the defendants named in the first amended complaint. Accordingly, the plaintiff's motion for leave to file a second amended complaint is denied in part and granted in part.

III. Motion to Stay Scheduling Order [doc. # 23]

The plaintiff seeks to extend the deadline for completing discovery in this action. Under the current scheduling order, the deadline for completion of discovery is May 4, 2004. The defendants have not objected to the plaintiff's request for an extension of the discovery deadline. Thus, the court grants the motion. Discovery shall be completed on or before August 22, 2004. All motions for summary judgment shall be filed on or before September 22, 2004.

IV. Motion to Strike [doc. # 26]

The defendants seek to strike paragraphs 47, 48 and 51 from the first amended complaint because those paragraphs contain information

intended by the plaintiff to harass and annoy defendant Armstrong. The plaintiff has not filed an objection to the motion to strike. In addition, he did not include those paragraphs in the proposed amended complaint attached to his motion for leave to amend. Thus, it is apparent that the plaintiff has decided to abandon those paragraphs. Accordingly, the motion to strike paragraphs 47, 48 and 51 from the first amended complaint is granted absent objection. The plaintiff shall not include these paragraphs in his second amended complaint.

IV. Motions for Extension of Time [docs. ## 22, 27, 28]

In the first motion, the defendants seek an extension of time until April 7, 2004, to respond to plaintiff's discovery requests including requests for admission. The motion is granted over the plaintiff's objection.

In the second motion, the defendants seek an indefinite extension of time to respond to discovery requests directed to John Armstrong because he is out of the country and not expected to return to the United States for several months. The motion is denied to the extent that it seeks an indefinite extension of time to respond to discovery requests directed to John Armstrong. Defendant Armstrong shall respond to all discovery requests previously served on him within thirty days of the date of this order.

In the third motion, the defendants seek an extension of time to respond to March 9, 2004 discovery requests. The motion is granted. The defendants shall respond to the March 9, 2004 discovery requests

within thirty days of the date of this order.

V.  <u>Motion for Protective Order [doc. # 51, 55]</u>

The defendants seek an order protecting them from responding to all further discovery requests filed by the plaintiff. The defendants contend that they have already responded to numerous discovery requests served upon them by the plaintiff and the plaintiff has begun to serve them duplicative interrogatories and requests for admission. The defendants argue that any additional discovery requests will be viewed as an attempt by the plaintiff to harass and annoy them.

The defendants have not submitted any copies of any of the discovery requests with their motions for protective order. <u>See</u> Local Rule 37(a)3 , D. Conn. L. Civ. R. (Memoranda . . . shall be filed with the Clerk . . . before any discovery motion is heard by the Court. . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.") Without copies of the discovery requests, the court cannot discern whether they are duplicative. In addition, counsel for the defendants has not submitted an affidavit certifying that she has conferred with the plaintiff in an effort to resolve this discovery dispute. <u>See</u> Fed. R. Civ. P. 26(c) ("Protective Orders. Upon motion by a party . . . accompanied by a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action, . . ."). Accordingly, the motions for protective order are denied without

prejudice. The defendants shall respond to any outstanding discovery requests on or before August 22, 2004.

## Conclusion

The Motions for Default [docs. ## 18, 25] are **DENIED**. The Motion to Strike [doc. # 26] is **GRANTED absent objection**. Paragraphs 47, 48 and 51 are stricken from the first amended complaint. **The plaintiff shall not include these paragraphs in any second amended complaint.** The Motion for Leave to File a Second Amended Complaint [doc. # 10] is **DENIED** to the extent that the plaintiff seeks to add ten new defendants and claims concerning the May 2003 recreation policy, the motion is **GRANTED** to the extent that the plaintiff seeks to clarify his claims against the defendants named in the first amended complaint. **The second amended complaint shall be filed within twenty days of the date of this order. The defendants are to file an answer to the second amended complaint within twenty days of the date the amended complaint is filed with the court.**

The Motion to Stay Scheduling Order [doc. # 23] is **GRANTED**. Discovery shall be completed on or before August 22, 2004. All motions for summary judgment shall be filed on or before September 22, 2004. The Motion for Extension of Time [doc. # 22] is **GRANTED** over the plaintiff's objection. The Motion for Indefinite Extension of Time [doc. # 27] is **DENIED** to the extent that it seeks an indefinite extension of time to respond to discovery requests directed to John Armstrong. Defendant Armstrong shall respond to all

discovery requests previously served on him within thirty days of the date of this order. The Motion for Extension of Time [doc. # 28] is **GRANTED**. The defendants shall respond to the March 9, 2004 discovery requests within thirty days of the date of this order. The Motions for Protective Order [docs. ## 51, 55] are **DENIED** without prejudice. The defendants shall respond to any outstanding discovery requests on or before August 22, 2004.

      **SO ORDERED** at Hartford, Connecticut, this 25th day of June, 2004.

                              /s/ Thomas P. Smith
                              Thomas P. Smith
                              United States Magistrate Judge