UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 JUL 30 P 5:12

U.S. DISTRICT COURT
HARTFORD, CT.

DUANE ZIEMBA

v.

PRISONER CASE NO.
3:02-cv-2216 (DJS) (TPS)

JOHN ARMSTRONG, ET AL.[1]

## RULING ON MOTION FOR INJUNCTIVE RELIEF

The plaintiff, Duane Ziemba, currently confined at the Northern Correctional Institution, seeks injunctive relief in the form of an order directing Commissioner Lantz, Warden Choinski, Majors McGill, Rose and Torres, Captain Regan, Deputy Commissioner Murphy, Mr. Acosta and Counselors Viscomi and Bradway to provide him with stationary, legal envelopes and copies of documents. For the reasons set forth below, the motion is denied.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established. To warrant preliminary

---

[1] The defendants named in the amended complaint are John J. Armstrong, Jack Tokarz, Peter Matos, Larry Myers, Thomas Coates, Michael LaJoie, Christine Whidden, Dennis Oglesby, Edward Blanchette, Doctor Wright, Bryan Castle and Patty Wollenhaupt. They are sued in their individual capacities only.

injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000). Where the moving party seeks a mandatory injunction, i.e., injunctive relief which changes the parties' positions rather than maintains the status quo, or the injunction requested "will provide substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits," the moving party must make a stronger showing of entitlement. Brewer, 212 F.3d at 744 (internal quotation marks and citation omitted). A mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested" or where "extreme or very serious damage will result from a denial of preliminary relief." Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir. 1985)(citations omitted).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

A court must have jurisdiction over a person before it can validly enter a preliminary

injunction against him. See Weitzman v. Stein, 897 F.2d 653, 658 (2d Cir. 1990). Here, the plaintiff seeks an injunction against individuals who are not parties to this action. He makes no reference to any of the defendants named in the amended complaint. Because John J. Armstrong, Jack Tokarz, Peter Matos, Larry Myers, Thomas Coates, Michael LaJoie, Christine Whidden, Dennis Oglesby, Edward Blanchette, Doctor Wright, Bryan Castle and Patty Wollenhaupt are not parties to this action, the court does not have in personam jurisdiction over them. Thus, the court cannot enjoin their actions.

In addition, even if the plaintiff sought relief against the defendants in this action, he is not entitled to an injunction against them because he is suing them in their individual capacities only. (See doc. # 6.) Injunctive relief may only be recovered from parties in their official capacities. See Marsh v. Kirschner, 31 F. Supp. 2d 79, 80 (D. Conn. 1998)("injunctive relief against a state official may be recovered only in an official capacity suit," because "[a] victory in a personal-capacity action is a victory against the individual defendant rather than against the entity that employs him.") (quoting Hill v. Shelander, 924 F.2d 1370, 1374 (7th Cir. 1999) and Kentucky v. Graham, 473 U.S. 159, 1670-68 (1985)).

Furthermore, the plaintiff does not allege that he has been irreparably harmed by the claimed denial of legal materials and photocopies. In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court clarified what is encompassed in an inmate's right of access to the courts and what constitutes standing to bring a claim for the violation of that right. First, the Court held that to show a violation of his right of access to the courts, an inmate must allege an actual injury. Id. at 349. The fact that an inmate may not be able to litigate effectively once his claim is brought before the court, is insufficient to demonstrate actual injury. Id. at 355. Rather, the inmate must show that he was

unable to file the initial complaint or petition, or that the complaint he filed was so technically deficient that it was dismissed without a consideration of the merits of the claim. Id. at 351.

The plaintiff does not allege that the lack of access to stationary, legal envelopes and photocopies has actually interfered with his access to the courts with respect to this action or any other pending case filed by him. The plaintiff has not alleged that any specific deadlines have been missed or that any of his cases have been dismissed as a result of the denial of access to legal materials. With respect to this action, the court notes that the plaintiff was able to file three motions and five objections to defendants' motions between the time he filed the present motion for injunctive relief on December 12, 2003, and the date of this ruling. In addition, in another case filed by the plaintiff, Ziemba v. Armstrong, Case no. 3:01cv2166 (JCH), the plaintiff submitted fifteen motions and four objections and/or replies to defendants' motions during that same time period. The plaintiff's filings in this action as well as his submissions in the other action belie any claim of denial of access to courts due to denial of access to stationary, legal envelopes and photocopies.

For all the reasons set forth above, the plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [doc. # 12] is DENIED.

SO ORDERED.

Dated at Hartford, Connecticut, this 30th day of July, 2004.

/s/ Dominic J. Squatrito
United States District Judge