UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Duane Ziemba | : | PRISONER |
| | | 3:02CV2216(DJS)(TPS) |
| v. | : | |
| John Armstrong, et al | : | August 3, 2004 |

### MEMORANDUM OF LAW IN SUPPORT MOTION TO STRIKE PORTIONS OF SECOND AMENDED COMPLAINT

The plaintiff in the above-captioned matter, a *pro se* inmate, has filed a Second Amended Complaint which is inconsistent with this Court's Ruling and Order dated June 25, 2004, seeking to add allegations the Court already denied the plaintiff permission to add, and failing to limit the allegations to the time period specified by the Court.

Having already amended his complaint once, the plaintiff filed a second Motion to Amend in November of 2003. Docket No. 10. As this Court noted in its Ruling and Order dated June 25, 2004, the first Amended Complaint included "claims that the defendants have denied the plaintiff his right to recreation and to meaningful exercise from May 18, 2002 through April 29, 2003." Ruling p.3. In moving to amend a second time, the plaintiff sought "to add claims concerning a new recreation policy that was adopted by the Department of Correction in March 2003, and was implemented May 19, 2003." Ruling p. 3. The Court considered this request and denied it, concluding that the plaintiff was not permitted to add "allegations regarding a new recreation policy implemented in May 2003." Ruling p. 5.

The Court did permit the plaintiff "to file a second Amended Complaint to clarify the existing claims against the defendants named in the first Amended Complaint." Ruling p. 5.

In filing his 37-page, 90-paragraph Second Amended Complaint, the plaintiff disregarded the Court's Ruling and Order.  First, the plaintiff's allegations regarding the recreation issue constitute the first 44 paragraphs of the Second Amended Complaint.  The language of all of these paragraphs is in the present tense and is not limited to time, thus the plaintiff complains of a recreation policy he alleges to be in currently place (and which, according to his allegations regarding the modified policy, is still in place for the first thirty days of Phase I.  S. Amd. Com. ¶ 42).  Moreover, in direct violation of this Court's order, the plaintiff continues to include allegations regarding a change in policy in May of 2003.  S. Amd. Com. ¶¶ 41-44.  In addition to already having been prohibited by the Court, these allegations are immaterial to the cause of action permitted by the Court.

The defendants therefore move to strike the entire First Count of plaintiff's proposed Second Amended Complaint, up to and including Paragraph 44, as it violates the order of this Court dated June 25, 2004.  The defendants ask that the Court direct the plaintiff to limit his claims as to time and to delete any allegations regarding a change in policy in the spring of 2003.

DEFENDANTS
John Armstrong, et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:__/s/_____
Lynn D. Wittenbrink
Assistant Attorney General
Federal Bar No. ct08575
110 Sherman Street
Hartford, CT  06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
lynn.wittenbrink@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 3d day of August 2004:

Duane Ziemba, Inmate No. 128963
Northern Correctional Institution
287 Bilton Road, P O Box 665
Somers, CT  06071


___/s/_____
 Lynn D. Wittenbrink
Assistant Attorney General