<u>United States District Court</u>
<u>District Of Connecticut</u>

2004 AUG 12

| | |
|---|---|
| Duane Ziemba | Civil Action No. |
| vs. | 3:02 CV 2216 (DJS)(TPS) |
| John Armstrong, et al. | August 9, 2004 |

<u>Plaintiff's Memorandum In Opposition</u>
<u>To Defendants' Motion To Strike</u>
<u>Portions of Second Amended Complaint</u>

The plaintiff's Second Amended Complaint is not inconsistent with this Court's Ruling and Order dated June 25, 2004 and this honorable Court should not strike any portion of said Amended Complaint, due to the following reasons:

In the Court's Ruling dated June 25, 2004 at page 3, the Court stated: "The plaintiff now seeks to add claims concerning a new recreation policy that was adopted by the Department of Correction in March 2003, and implemented on May 19, 2003." It is correct that the plaintiff did indeed seek to add

new claims that the new recreation policy adopted is Unconstitutional. Id. See Ruling at page 5, the Court stated: "the Court concludes that, at this stage of the proceedings, justice does not require the Court to permit the plaintiff to add ten new defendants, allegations concerning those defendants or allegations regarding a new recreation policy implemented in May 2003. The Court will permit the plaintiff to file a Second amended complaint to clarify the existing claims."

Incredibly, the defendants argue that the plaintiff "in direct violation of this Court's order, continues to include allegations regarding a change in policy in May of 2003. S. Amd Com. 41-44." The defendants either misunderstand or intentionally have mischaracterized the claims in the Second Amended Complaint. Because clearly there are no allegations in the Second Amended Complaint regarding that the change in policy in May of 2003 is Unconstitutional. The plaintiff does

#2

use the new recreation restraint policy, <u>as an example</u>-- an admission of guilt of the defendants original policy was Unconstitutional. See paragraphs 41, 42, 43 and 44. Moreover: No where in the Second Amended Complaint are there any set forth allegations against any defendant that challenge the new recreation restraint policy. To the complete contrary, the complaint simply uses the new recreation restraint policy as favorable evidence to show how the original policy was Unconstitutional. Even if the said allegations at paragraphs 41 through 44, were not stated in the Complaint, these allegations would still remain highly relevant to the subject matter of this case.

"'Amplification of previously alleged claims is one of the clearest cases for leave to amend.'" Wells V. Harris, 185 F.R.D. at 132. Reviewing the Second Amended Complaint, it's clear that the plaintiff did clarify and accordingly, did amplify the claims. But he

# 3

did not add the new recreation restraint policy — — as alleged Unconstitutional — — or to challenge it in any form. He has very simply implicated the new policy as evidence to substantiate how the original policy and custom was Unconstitutional. The plaintiff as pro se is struggling, to an extreme. It would be prejudicial to strike any portion in the Amended Complaint.

    Wherefore, for the foregoing reasons it's respectfully requested that the defendants' motion be denied.

    Respectfully Submitted
    The Plaintiff
    *Duane Ziemba*
    Duane Ziemba #128963
    Northern C.I.
    P.O. Box 665
    Somers, CT. 06071

#4

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 9th day of August 2004:

Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

#5