UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DUANE ZIEMBA
                                    PRISONER CASE NO.
    v.                            3:02-cv-2216 (DJS) (TPS)

JOHN ARMSTRONG, ET AL.

**RULING AND ORDER**

Pending are ten motions filed by the defendants and one motion filed by the plaintiff. The court will address the defendants' motions first.

I.    <u>Motion for Protective Order [Doc. # 33]</u>

The defendants seek an order protecting them from responding to all further discovery requests filed by the plaintiff. The defendants contend that they have already responded to numerous discovery requests served upon them by the plaintiff and the plaintiff has begun to serve them duplicative requests. The defendants argue that any additional discovery requests will be viewed as an attempt by the plaintiff to harass and annoy them.

The defendants have not submitted any copies of the discovery requests with their motion for protective order. <u>See</u> Local Rule 37(a)3 , D. Conn. L. Civ. R. (Memoranda . . . shall be filed with the Clerk . . . before any discovery motion is heard by the Court. . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute."). Without copies of the discovery requests, the court cannot discern whether they are duplicative. In addition, counsel for the defendants has not submitted an affidavit certifying

that she has conferred with the plaintiff in an effort to resolve this discovery dispute.  See Fed. R. Civ. P. 26(c) ("Protective Orders.  Upon motion by a party . . . accompanied by a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action, . . .").  Accordingly, the motion for protective order is denied without prejudice.

II. Motions for Extension of Time to Respond to Discovery Requests [Docs. ## 38, 41, 44]

The defendants have filed three motions for extension of time to respond to plaintiff's remaining discovery requests.  In the first motion, the defendants seek an extension of time until September 1, 2004, to respond to plaintiff's remaining discovery requests.  In the second motion, the defendants seek an extension of time until October 2, 2004, to respond to plaintiff's remaining discovery requests.  In the third motion, the defendants seek an extension of time until November 2, 2005, to respond to plaintiff's remaining discovery requests.  The motions are granted *nunc pro tunc*.

III. Motion to Withdraw Admissions [doc. # 43]

On July 23, 2004, the plaintiff served a request for admissions on defendant Armstrong.  Defendant Armstrong did not reply to the request for admissions.  Rule 36(a), Fed. R. Civ. P.  Rule 36(a), Fed. R. Civ. P., provides that "[e]ach matter of which an admission is requested . . . is admitted unless, within thirty days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written

answer or objection addressed to the matter . . . ."  This rule does not require any action on the part of the plaintiff to become operative; it is automatically invoked after thirty days.  Thus, the request for admission served on defendant Armstrong on July 23, 2004 has been deemed admitted by operation of Rule 36(a), Fed. R. Civ. P. Defendant Armstrong now moves to withdraw the admissions.

Rule 36(b), Fed. R. Civ. P. allows defendants to move to withdraw the admissions.

> Courts have great discretion in deciding whether to allow withdrawal or amendment of admissions. A party opposing the withdrawal or amendment of an admission must demonstrate that he will be prejudiced thereby.  A party is not prejudiced by a belated response simply because his position is prejudiced by the true facts contained in the response.  Where possible, an action should be resolved on its merits.  Deemed admissions should prevail over the quest for the truth only in extreme circumstances.

<u>Maramount Corp. v. B. Barks & Sons, Inc.</u>, No. CIV. A97-5371, 1999 WL 55175, at *3 (E.D. Pa. Jan. 13, 1999) (internal citations and quotation marks omitted).  When a motion to withdraw admissions is filed during the pretrial stage, rather than at or after trial, the courts consider the motion more liberally.  <u>See</u> <u>Rabil v. Swafford</u>, 128 F.R.D. 1, 2 (D.D.C. 1989) (noting that court apply a more restrictive standard once the case has progressed beyond the pretrial stage).

Counsel for defendant Armstrong states that she inadvertently missed the August 23, 2004 deadline for responding to the July 2004 request for admission.  Counsel contends that plaintiff would not be

prejudiced should the court grant defendant Armstrong's motion. The plaintiff has filed no objection to the motion.

The court concludes that at this stage of the litigation, plaintiff will not be prejudiced by permitting defendant Armstrong to withdraw the admissions. The motion is granted absent objection. If he has not already done so, defendant Armstrong is directed to respond to the July 23, 2004 request for admission within **twenty days** of the date of this order.

IV.  Motion to Strike Amended Complaint [doc. #39]

On June 25, 2004, the court denied in part and granted in part plaintiff's motion for leave to file a second amended complaint. The court granted the motion to the extent that the plaintiff sought to clarify the claims in the first amended complaint and denied the motion to the extent that the plaintiff sought to add new claims and defendants. (See Doc. # 35.) The plaintiff's claims in the first amended complaint involved a time period from May 18, 2002 through April 20, 2003. The plaintiff alleged that the defendants denied him the right to recreation and to meaningful exercise, were deliberately indifferent to his serious back injury by requiring him to be handcuffed behind his back, denied him access to the courts by stealing his state habeas petition and retaliated against him for filing various lawsuits against the Department of Correction.

The court denied the plaintiff's request to add claims concerning a new recreation policy that was implemented by the Department of Correction in May 2003 and claims that ten new

-4-

individuals were involved in the denial of recreation prior to the implementation of the new policy as well as the denial of recreation after the implementation of the policy.  On July 14, 2004, the plaintiff filed his second amended complaint.  (See Doc. # 36.)  This amended complaint includes allegations that the defendants denied the plaintiff his right to exercise from May 1, 2003 through December 7, 2003.  By including allegations concerning this time period, the plaintiff has effectively re-asserted his claims concerning the implementation of the new recreation policy.  The plaintiff also includes allegation that the implementation of the new recreation policy demonstrates that the old policy was unconstitutional.  The court specifically denied plaintiff's request to add allegations regarding the recreation policy implemented by the Department of Correction in May 2003.  Accordingly, the second amended complaint does not comply with the court's ruling of June 24, 2004.

    Within twenty days of the date of this order, the plaintiff shall file a third amended complaint that complies with the court's June 24, 2004 Ruling.  The third amended complaint may include allegations concerning the recreation policy and handcuffing policy in effect from May 18, 2002 through April 20, 2003.  The plaintiff may also include his claims of retaliation, deliberate indifference to medical care and denial of recreation during that same time period.  The plaintiff is not permitted to include claims concerning the new recreation policy which was implemented in May 2003, claims concerning his ability to recreate in May 2003 or in the months after

May 2003 or claims concerning his inability to leave his cell from May 2003 until December 2003, because of pain he suffered as a result of the defendants handcuffing him behind his back.  In view of this order, the defendants' motion to strike the second amended complaint is denied as moot.

V.    Motions for Extension of Time [Docs. ## 42, 45, 46, 48]

The defendants seek extensions of time to file a motion for summary judgment.  In view of the court's order above directing the plaintiff to file a third amended complaint, the motions are denied without prejudice as moot.  The defendants shall file an answer to plaintiff's third amended complaint within thirty days of its filing with the court.  Any motions for summary judgment shall be filed within sixty days of the date the third amended complaint is filed with the court.

VI.   Motion for Trial Memorandum [Doc. # 47]

The plaintiff seeks a court order directing the parties to submit a trial memorandum.  This case is not currently ready for trial.  Accordingly, the motion is denied.  If the case proceeds to trial, the court will issue a trial preparation order at the appropriate time.

## Conclusion

The Motion for Protective Order [D**oc. # 33**] is **DENIED** without prejudice.  The defendants' Motions for Extension of Time [**Docs. ## 38, 41, 44**] to respond to plaintiff's discovery requests are **GRANTED** nunc pro tunc.  Defendant Armstrong's Motion to Withdraw Admissions

[**Doc. # 43**] is GRANTED absent objection.  If he has not already done so, defendant Armstrong is directed to respond to the July 23, 2004 request for admission within **twenty days** of the date of this order. The plaintiff's Motion for Trial Memorandum **[Doc. # 47]** is **DENIED**. The Motion to Strike the Second Amended Complaint [**Doc. # 39**] is **DENIED** as moot.  **Within twenty days of the date of this order, the plaintiff shall file a third amended complaint that complies with the court's June 24, 2004 Ruling.**  The third amended complaint may include allegations concerning the recreation policy and handcuffing policy in effect from May 18, 2002 through April 20, 2003.  The plaintiff may also include his claims of retaliation, deliberate indifference to medical care and denial of recreation during that same time period.  The plaintiff is not permitted to include claims concerning the new recreation policy which was implemented in May 2003, claims concerning his ability to recreate in May 2003 or in the months after May 2003 or claims concerning his inability to leave his cell from May 2003 until December 2003, because of pain he suffered as a result of the defendants handcuffing him behind his back.

   The defendants shall file an answer to plaintiff's third amended complaint within thirty days of its filing with the court.  Any motions for summary judgment shall be filed within sixty days of the date the third amended complaint is filed with the court.
The defendants' Motions for Extension of Time [Docs. ## 42, 45, 46, 48] to file a motion for summary judgment are DENIED without prejudice as moot.

**SO ORDERED** at Hartford, Connecticut, this 30th day of March, 2005.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge