## United States District Court
## District of Connecticut

2005 APR 15 P 3: 3b

| | |
|---|---|
| Duane Ziemba | Civil Action No. |
| Plaintiff, | 3:02 cv 2216 (DJS)(TPS) |
| VS. | |
| John Armstrong, Jack Tokarz, | Jury Trial Demanded |
| Peter Matos, Larry Myers, | |
| Thomas Coates, Michael Lajoie, | Defendants sued In |
| Christine Whidden, Dennis Oglesby | Individual Capacity |
| Edward Blanchette, Dr. Wright, | |
| and Patty Wollenhaupt, | |
| Defendants. | April 11, 2005 |

### Third Amended Complaint

1. This is a lawsuit arising out of the defendants Unconstitutionally -- without penological justification depriving the plaintiff his right of out-of-cell meaningful exercise and recreation from May 18, 2002 until April 20, 2003, deliberately denying the plaintiff Constitutionally adequate medical care, failure to protect, and excessive use of force.

2. Plaintiff claims abridgement of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction of this Court is invoked under provisions of § 1331, § 1343 (1)(2)(3)(4) and § 1367 (a) of Title 28 and §§ 1983, 1986, 1988 and 2201 of Title 42 of the United States Code.

4. The plaintiff, Duane Ziemba, was at all times relevant to this complaint, a resident of the State of CT. At all times relevant to the incidents complained of herein, he was a non violent offender incarcerated in the care and custody of the State of CT. Department of Correction.

5. Defendant John Armstrong, was at all times relevant to this complaint, a cabinet-level State Official, responsible to the State Chief Executive, the Governor of CT. He was the Commissioner of the CT. Department of Correction. As such, he was the administrative head of the CT. D.O.C., responsible for administering, coordinating and controlling the operations of the Department and for the overall supervision and direction of all institutions. Specifically responsible, either directly or in a supervisory capacity, for: (a) the supervision, training, discipline and control of persons working for the DOC; (b) the establishment and enforcement of policies and practices; (c) the care

-2-

and custody of the plaintiff.

6. Defendants Jack Tokarz and Peter Matos were, at all relevant times, Deputy Commissioners of the CT. D.O.C. As such, they were members of the Department's central office. Responsible for administering, coordinating and controlling the operations of the Department. Specifically responsible, either directly or in a supervisory capacity, for : (a) the supervision, training, discipline and control of persons working for the Department ; (b) the enforcement and establishment of policies and practices ; (c) the care and custody of the plaintiff.

7. Defendant Larry Myers was, the lead warden of Northern C.I. As such, he was responsible for administering, coordinating and controlling the operations of Northern. And responsible for the care and custody of the plaintiff.

8. Defendants Thomas Coates, Michael Lajoie and Christine Whidden were, Majors and also acting Wardens of Northern C.I. As such, they were responsible for administering, coordinating and controlling the operations of Northern. And responsible for the care and custody of the plaintiff.

-3-

9. Defendant Dennis Oglesby was, a lieutenant assigned to Northern C.I. As Such, he was a Supervisory official and responsible for the care and custody of the plaintiff.

10. Defendants Edward Blanchette and Dr. Wright were, Doctors employeed and/or under contract with the C.T. D.O.C. As Such, they were responsible for providing Constitutionally adequate medical care to inmates incarcerated in the Department.

11. Defendant Patty Wollenhaupt was, a registered nurse and the medical Supervisor of Northern C.I. As Such, She was responsible for the Supervision of Northern medical staff, and the control and operation of the Northern medical unit, and Specifically responsible for providing Constitutionally adequate medical care to inmates incarcerated at Northern.

12. At all times relevant to this complaint, the defendants, each of them, were acting under color of law, that is, under color of the Constitution, Statutes, laws, regulations, customs and usages of the State of Connecticut.

-4-

## Facts

13. Plaintiff Seeks judgment against defendants Armstrong, Tokarz, Matos, Myers, Coates, Lajoie and Whidden — declaring that their created and enforced policy and custom requiring the inmates confined at Northern, in administrative Segregation, phase one, to wear full mechanical restraints during out-of-cell recreation Constitutes a total or near total deprivation of exercise or recreation opportunity and has in this case inflicted cruel and unusual punishment to the plaintiff in violation of the Eighth and Fourteenth Amendments.

14. Prisoners housed at Northern, in A.S., in phase one are entitled to one hour five days a week of recreation out of their cells.

15. Inmates during recreation are placed in individual exercise yards and/or cages. The exercise cages are open to the sky, but are covered with wire fencing. The door to the cages is made of iron and is locked during the inmates recreation. The door contains a small (6x10) separately lockable hatch through which the inmate locked inside the cage may

extend his hands out for guards to apply or remove the restraints.

16. No exercise equipment is provided in the exercise cages. But the space inside the cages could permit an inmate to engage in activities such as calisthenics, jogging, walking, push-ups.

17. CT. D.O.C. Administrative Directive 9.4 states the following: "Administrative Segregation (phase one) restraints required unless in a secure individual recreation area".

18. The defendants completely, overtly, violate this Directive 9.4, by not removing the full restraints from the inmates even when the inmates are secured in the individual recreation area cages.

19. Incredibly the defendants created the policy and custom of full mechanical restraints are utilized on the inmates during the entire recreation hour in the cages. The mechanical restraints consist of handcuffs behind the back, with shackles on ankles, and a tether chain attached to the handcuffs and shackles.

20. This created policy and custom of utilizing the full mechanical restraints on the inmates during the entire recreation hour — five days a week, Knowingly and intentionally denies all of the inmates (plaintiff) the right of out-of-cell exercise and recreation.

21. It has caused an extreme and prolonged situation where movement is denied and muscles allowed to atrophy, thereby physical and psychological health is threatened and has been in this case.

22. In addition this Unconstitutional policy and custom created an excessive risk to the safety and well being of the inmates (plaintiff). Because the movement in such full restraints is so restrictive that if an inmate was to lose his balance (outside alone locked inside the cage) he would fall on his face and/or head (handcuffed behind the back) unable to prevent serious injury.

23. Another example of this Unconstitutional policy and custom is, the inmates are physically forced outside, locked inside the exercise cages,

in the full restraints, during inclement weather.
Thereby subjecting the inmates (plaintiff) to an
excessive risk of harm and suffering, due to
the danger of slipping and falling and
precluding protection from the inclement weather.

24. At Northern there is not inside recreation.

25. During inclement weather, no gloves, no hates,
and no boots are ever provided to the inmates
at the outside recreation.

26. It clearly inflicts severe suffering and also
it prevents inmates (plaintiff) from going out to
recreation due to no gloves, hats, or boots are
provided/or allowed during inclement weather.

27. Plaintiff could not engage in meaningful
exercise inside his cell due to the following facts:

   (a)   the housing cells are too small due to they
         contain a cell partner, two bunk beds,
         a toilet, a sink, desk, stool and two
         large lockers;

   (b)   the ventilation vents inside the cells are
         permanently blocked up and ventilation

is very poor;

(c)    all of the running water inside the cells have timers making it impossible to adequately wash up;

(d)    due to the CT. prison overcrowding the Northern, A.S., phase one, cells have been doubled up. Which are the most violent, worst of worst inmates. All agree that penological concerns and Constitutional protections mandate that these inmates be single celled. The plaintiff is a non-violent offender and if he attempted to engage in exercise inside the too small cell, steaming up the cell, creating body oder, it would make his cell partner (violent - dangerous - worst of worst) hostile towards him thereby placing his life, safety and well being in serious danger.

28. It is well established that prisoners have (the plaintiff) the right to out-of-cell exercise.

29. At Northern, except for the hour a day, five days a week recreation, all other out of cell activety is pritty much non-existent. The

plaintiff was locked inside his cell 24 hours a day - Seven days a week, with the exception of three ten minute showers per week, legal telephone calls, and maybe a legal visit. During all out of cell movement the plaintiff was in full restraints which resulted in a total or near total deprivation of exercise.

30. Plaintiff is a non-violent offender and he has also, at all times relevant herein, never assaulted a C.T. D.O.C. employee, Staff member, prison official, or an inmate.

31. The full mechanical restraints were utilized on the plaintiff without penological justification.

32. As a consequence of the actions of the defendants herein described, and the omissions of the defendants, a total or near total deprivation of exercise or recreation opportunity [out-of-cell], without penological justification occurred from May 18, 2002 until on or about April 20, 2003 -- directly to the plaintiff.

33. The plaintiff from May 18, 2002 until on or

about April 20, 2003 - suffered a total or near total deprivation of exercise and recreation. For these approximately 338 days it was not possible for the plaintiff to, and he did not, leave his cell to go to recreation. Directly due to the defendants recreation full restraint policy and custom precluded him from doing so.

34. Regular exercise is required to maintain reasonable good physical and psychological health.

35. Denial of out-of-cell exercise violates the Eighth Amendment if the extent of the deprivation is substantial.

36. The total denial of exercise is a serious deprivation of a basic human need.

37. It has been and it is clearly legally established that inmates have the right to out-of-cell exercise and recreation.

38. As a consequence of the actions of the defendants, and the omissions of the defendants, the plaintiff suffered :

   (a)   his muscles to severe atrophy ;

(b)   his joints to soreness, painfulness and swelling;

(c)   his joints to become cold and numb;

(d)   an acute ulcer;

(e)   Stomach cramps and heartburn;

(f)   Serious back pain;

(g)   his hair to fall out;

(h)   Severe mental anguish; misery and stress;

(i)   lethargy;

(j)   headaches and migraines;

(K)   Severe depression; and

(l)   insomnia.

39. Plaintiff verbally, and through numerous inmate request forms, letters, grievances and appeals -- Specifically placed the defendants herein on actual and constructive notice of

the violations described above. The defendants Armstrong, Tokarz, Matos, Myers, Coates, Lajoie, Whidden and Oglesby had the responsibility, authority and obligation to remedy the wrong, but they failed and refused to do so.

40. Additionally, the defendants were placed on actual and constructive notice of the aforementioned violations through other litigation, voluminous complaints, grievances and appeals.

41. The right of a prisoner to exercise is fundamental.

42. Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 41.

43. May 18, 2002 plaintiff was transferred to Northern, A.S., phase one.

44. At Northern, in A.S., phase one, it is policy that all inmates are conducted out of their cells in full restraints.

45. Depending on the reason and whereat an inmate is going, determines whether the guards handcuff him in the front or behind the back.

46. The plaintiff from May 18, 2002 the date of his transfer to Northern, forward, verbally and through numerous requests, letters, grievances and appeals informed defendants Armstrong, Tokarz, Matos, Myers, Coates, Lajoie, Whidden, Oglesby, Blanchette, Dr. Wright, and Wollenhaupt -- that his back/Spinalcolumn is seriously and permanently injured. And each time that their staff members forcefully handcuff him behind his back it further seriously injures his back and causes serious pain.

47. This excessive and unnecessary use of force subjected plaintiff to serious injury, and pain and suffering continuously from May 18, 2002 to on or about April 20, 2003 (338 Days).

48. Notwithstanding the profound injury, pain and suffering inflicted to plaintiff by the forceful handcuffing him behind the back

[For a total of 338 days], the defendants
with deliberate indifference failed to take
action to have plaintiff handcuffed in front.

49. It was without penological justification
for the defendants herein to have the plaintiff
forcefully handcuffed behind his back,
continuously for 338 days, knowingly injuring
him horribly, grotesquely and painfully.
Because plaintiff is a non violent offender.

50. The aforementioned defendants acted with
deliberate indifference to the plaintiff's
serious medical need.

51. Indeed a bottom bunk order, by other
medical staff than defendants, was issued
due to plaintiff's seriously injured back.
Notwithstanding these facts, the defendants
with deliberate indifference failed and refused
to issue an order for the plaintiff not to be
handcuffed behind his back.

52. The defendants and each of them
individually had the responsibility, authority
and obligation to issue an order for the
plaintiff not to be handcuffed behind his back

and in front only, but they deliberately failed and refused to do so.

53. The defendants have failed intentionally, utterly, uniformly and repeatedly to protect the plaintiff from their staff, agents and employee whom they are responsible for, from using the 338 days of excessive use of force on plaintiff by forcefully handcuffing him behind the back.

54. The defendants each acted with reckless or callous indifference to the plaintiff's dignity as a human being and to his Constitutional rights.

55. As a consequence of the actions of the defendants, their omissions, and the acts and omissions of other Department employees for whom the defendants were responsible, the plaintiff suffered serious pain, fear, anxiety, mental anguish, discomfort, embarrassment and humiliation, and physical and mental serious injury.

56. Plaintiff exhausted all administrative remedies as available.

## First Claim For Relief

(Declaratory Judgment pursuant to 28 U.S.C. § 2201 against all defendants)

57. Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 56.

58. There is an actual controversy between the plaintiff and the defendants concerning the existence, nature, scope and severity of the violation of plaintiff's rights under the United States Constitution.

59. The plaintiff is entitled to a declaration of his rights and remedies.

## Second Claim For Relief

(Denial of out-of-cell exercise and recreation against defendants Armstrong, Tokarz, Matos, Myers, Coates, Lajoie, and Whidden, pursuant to 42 U.S.C. § 1983)

60. Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 56.

61. By failing to provide the plaintiff with, and by failing to ensure the provisions of, out-of-cell exercise and recreation, the defendants knowingly violated the plaintiff's clearly established Constitutional rights of out-of-cell exercise and recreation.

62. The defendants were personally involved in and responsible for the denial of exercise and recreation in that:

(a)    They participated directly in the Constitutional violations;

(b)    After being informed of the violation, they failed to remedy the wrong;

(c)    They created a policy and custom, and they allowed the continuance of a policy and custom, under which inmates would be deprived of out-of-cell exercise;

(d)    They were deliberately indifferent in supervising and training subordinates who committed the wrongful acts described herein; and

(e)    They exhibited deliberate indifference to the plaintiff's rights by failing to act on information indicating that Unconstitutional acts were occurring.

63. By failing to provide the plaintiff with, and failing to ensure the provisions of out-of-cell recreation and exercise, the defendants knowingly subjected the plaintiff to pain, physical and mental injury, thereby violating plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

Third Claim For Relief
(Deliberate Indifference -- failure to provide Constitutionally adequate medical care -- against defendants Armstrong, Tokarz, Matos, Myers, Coates, Lajoie, Whidden, Oglesby, Blanchette, Dr. Wright and Wollenhaupt, pursuant to 42 U.S.C. § 1983)

64. Plaintiff realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 56.

65. By failing to provide the plaintiff with, and

by failing to ensure the provisions of, Constitutionally adequate medical care, the defendants knowingly disregarded an excessive risk to plaintiff's health and well being, and subjected him to pain, physical and mental injury, thereby violating plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## Fourth Claim For Relief
(Excessive Force -- against all defendants, pursuant to 42 U.S.C. § 1983)

66. Plaintiff realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 56.

67. The force used by the defendants, their staff, agents, employees and all persons working in concert with them, was unreasonable and excessive in violation of plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## Fifth Claim For Relief
(Failure to Protect -- against all defendants, pursuant to 42 U.S.C. § 1983)

68. Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 56.

69. The defendants were personally involved in, and responsible for, the failure to protect the plaintiff from the 338 days of excessive use of force, in that:

(a)  They participated directly in the Constitutional Violations;

(b)  After being informed of the violations, they failed to remedy the wrong;

(c)  They created a policy and custom, and they allowed the continuance of a policy and custom, under which inmates would be forcefully handcuffed behind their backs, despite a serious medical condition preventing such use of force;

(d)  They were deliberately indifferent in supervising and training subordinates who committed the wrongful acts described herein [who for 338 days forcefully handcuffed plaintiff behind his

-21-

back☒, and

(e)    They exhibited deliberate indifference to plaintiff's rights by failing to act on the information indicating that unconstitutional acts were occurring.

70. By failing to protect the plaintiff, the defendants knowingly disregarded an excessive risk to plaintiff's health and well being, subjecting him to 338 days of pain, and physical and mental injury. Thereby violating the plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

<u>Prayer For Relief</u>

Wherefore, plaintiff Duane Ziemba prays for relief as follows:

1.    For a declaration that the defendants, and each of them, subjected plaintiff to a violation of his Constitutional rights;

2.    For Compensatory damages;

- 22 -

3.   For punitive damages;

4.   For costs and attorney fees;

5.   For all such further relief as the
     Court deems just and proper.

 I declare under penalty of perjury that the
foregoing is true and accurate to the best of
my knowledge and belief.

         Signed: *Duane Ziemba*
                  Duane Ziemba

         Dated: April 11, 2005

         Respectfully Submitted
         The Plaintiff
         *Duane Ziemba*
         Duane Ziemba #128963
         Garner Correctional Institution
         50 Nunnawauk Road
         Newtown, C-T. 06470

## Certification

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5 (b) of the Fed. R. Civ. P. on this 11th day of April, 2005 to the following:

Lynn D. Wittenbrink, Esq.
Assistant Attorney General
Office of The Attorney General
110 Sherman Street
Hartford, CT. 06105

By: Duane Ziemba
Duane Ziemba