UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUANE ZIEMBA | : | PRISIONER |
| | : | NO. 3:02CV2216(DJS)(TPS) |
| VS. | : | |
| | : | |
| JOHN J. ARMSTRONG, ET AL. | : | JUNE 9, 2005 |

### ANSWER, AFFIRMATIVE DEFENSES AND
### SET-OFF TO THIRD AMENDED COMPLAINT

The defendants in the above-captioned matter answer the plaintiff's Third Amended Complaint in correspondingly numbered paragraphs.

1. Denied.

2. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

3. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

4. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

5. The defendant John Armstrong admits that at times relevant to this complaint he was a state official, responsible to the Governor of the State and was the Commissioner of Correction. He admits he was the administrative head of the Connecticut Department of Correction and was responsible for administering and coordinating the operations of the Department and for the overall supervision of all Correctional Institutions. He further admits that he was responsible in a supervisory capacity for the supervision, training and discipline of

persons working for the Department of Correction, and was indirectly responsible for the establishment and enforcement of policies, and was indirectly responsible for the custody of inmates including the plaintiff. As to the remainder of allegations contained in this paragraph, the defendant John Armstrong is without sufficient information upon which to form a belief and therefore leaves the plaintiff to his proof.

6. The defendants Jack Tokarz and Peter Matos were at times relevant to this complaint Deputy Commissioners of the Connecticut Department of Correction and worked at the Department's central office. They admit they had responsibilities related to administering, coordinating and controlling the operations of the Department and were responsible for some supervision, training and/or discipline of persons working for the Department and indirectly for the establishment and enforcement of some policies and practices and had duties related to the custody of all inmates including plaintiff. As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

7. The defendant Larry Myers admits that at times relevant to this complaint he was the lead Warden of Northern Correctional Institution and had responsibilities for administering and coordinating the operations of Northern and for the care and custody of inmate at Northern including the plaintiff. As to the remainder of allegations contained in this paragraph, the defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to his proof.

8. The defendants Thomas Coates, Michael Lajoie and Christine Whidden admit that at times relevant to this complaint they were majors at Northern Correctional Institution and had responsibilities for administering and coordinating the operations of Northern and for the care and custody of inmate at Northern including the plaintiff. As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

9. The defendant Dennis Oglesby admits that at times relevant to this complaint he was a lieutenant at Northern Correctional Institution and was a supervisory official with responsibilities related to the care and custody of inmate including plaintiff.

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. Admitted.

15. The defendants are unable to admit or deny this allegation as it is not limited as to time or specific as to place.

16. The defendants are unable to admit or deny this allegation as it is not limited as to time or specific as to place.

17. The defendants do not admit or deny the contents of an Administrative Directive as the Administrative Directive speaks for itself.

18. Denied.

19. The defendants are unable to admit or deny this allegation as it is not limited as to time or specific as to place.

20. Denied.

21. Denied.

22-24. Denied.

25. The defendants are unable to admit or deny this allegation as it is not limited as to time or specific as to place.

26. Denied.

27. Denied.

28. The defendants do not respond to this allegation as it is unintelligible.

29. Denied.

30. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

31. Denied.

32. Denied.

33. Denied.

34. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

35. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

36. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

37. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

38. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

39. Denied.

40. Denied.

41. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

42. The defendants incorporate all previous responses into their response in this paragraph.

43. Admitted.

44. Admitted.

45. The defendants do not respond to this allegation as it is unclear.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

57. The defendants incorporate all previous responses into their response in this paragraph.

58. The defendants deny any legally sufficient controversy that supports a declaratory judgment as the plaintiff is no longer housed at Northern Correctional Institution.

59. Denied.

60. The defendants incorporate all previous responses into their response in this paragraph.

61. Denied.

62. Denied.

63. Denied.

64. The defendants incorporate all previous responses into their response in this paragraph.

65. Denied.

66. The defendants incorporate all previous responses into their response in this paragraph.

67. Denied.

68. The defendants incorporate all previous responses into their response in this paragraph.

69. Denied.

70. Denied.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The plaintiff fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

The plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act.

### **THIRD AFFIRMATIVE DEFENSE**

Each and every defendant in this action is entitled to qualified immunity.

### **FOURTH AFFIRMATIVE DEFENSE**

The Prison Litigation Reform Act prohibits plaintiff from recovering as to some of his allegations as he failed to allege a physical injury.

### **FIFTH ADMINISTRATIVE DIRECTIVE**

The Eleventh Amendment provides immunity.

### **SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are precluded by Conn. Gen. Stat. §§ 4-141 through 4-164 and § 4-165.

**SEVENTH AFFIRMATIVE DEFENSE**

The defendants do not have sufficient personal involvement in any constitutional violations alleged.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the doctrines of collateral estoppel, res judicata and prior pending action.

**DEFENDANTS' CLAIM FOR SET-OFF**

Should the plaintiff be awarded any damages as a result of this action, however unlikely and unjust, the State is entitled to the recoupment of any monies paid by the State on behalf of the plaintiff or any dependents, including but not limited to the costs of incarceration both currently owed and anticipated for the remainder of his sentence(s).

DEFENDANTS,
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: __/s/_____
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar No. ct08575
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
Email: lynn.wittenbrink@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following, first-class postage prepaid on this 9th day of June, 2005:

Duane Ziemba, Inmate No. 128963
Garner Correctional Institution
50 Nunnawauk Road, PO Box 5500
Newtown, CT  06470

    /s/_____
Lynn D. Wittenbrink
Assistant Attorney General