# United States District Court
## District Of Connecticut

FILED

Duane Ziemba | No. 3:02 cv 02216 (DJS)(TPS)
VS.
John Armstrong, et al. | November 1, 2005

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

## Plaintiff's Local Rule 56(a) 2 Statement

1, Admitted. [1]

2. Admitted it is not relevant. See Pl.'s Am. Compl.

3. Admitted it is not relevant. See Pl.'s Am. Compl.

4. Denied. See Pl.'s Affidavit at 1, 2, 3, 4-5.

5. Denied. See Pl.'s Affidavit at 1, 2, 3, 4-5. And Defs'. Exs. A; D; E. They are false, abusive, retaliatory D.R. charges.

6. Admitted that prior to plaintiff's litigation against the DOC he received only seven Disciplinary

---

[1] By admitting or denying facts in this statement, the plaintiff does not concede that the facts are "material" for purposes of the defendants' motion for summary Judgment.

63

Reports.

7. Denied. These Disciplinary Reports were not legitimate. This incident involves DOC officials failure to protect plaintiff resulting in stabbing, denial of medical care, inter alia, excessive force. See Separate Civil action No. 3:98 cv 2370 (DFM).

8. Admitted that unjustifiably and in DOC Damage Control - in attempt to cover up excessive force, inter alia, plaintiff was transferred to Northern and kept locked away inside segregation until his serious injuries had healed. See Separate Civil action No. 3:98 cv 2370 (DFM).

9. Admitted that plaintiff was threatened by DOC Officials in response to DOC Officials Unconstitutional Violations. See Civil action No. 3:98 cv 2370 (DFM).

10. Denied. It was not attempted escape but only destruction of property. Further, these facts involve Separate pending Civil action No. 3:98 cv 2344 (JCH)(HBF).

11. Denied that this is relevant to subject matter herein this case. See Pl.'s Am. Compl.

12. Admitted that these facts pertain to DOC

64                        -2-

Officials Unconstitutional Violations against plaintiff in meritorious -- Separate pending action -- wherein defendants have lost summary judgment <u>two (2)</u> times. See Civil action No. 3:98 cv 2344 (JCH)(HBF).

13. Denied. See Pl's Affidavit at 1, 2-3. and 4-5.

14. Denied. See Pl's Affidavit at 1, 2, 3-4. And See Defs' Exs. E. they attempted to break plaintiff's wrist, maliciously put him in restraints to steal his legal material property in retaliation, denied him needed medical care, video is evidence, and at no time did he spit at the Captain (attempted assault) as videorecording proves charge is fabricated.

15. Denied. Id. See above.

16. Admitted that through the horrific abuse (in retaliation due to litigation) plaintiff lost endurance and destroyed State property, but never harmed any DOC official.

17. Admitted that plaintiff indeed respectfully fought the false and retaliatory disciplinary charges at the Kangaroo court to no avail.

18. Denied. Defs' counsel has failed to attach a copy

65

copy of this alleged D.R. charge. Admitted that on 1/20/02 in sole retaliation plaintiff was transferred ten states away to Nevada. See facts in civil action No. 3:02 cv 258 (DFM).

19. Admitted by court order plaintiff returned to CT. DOC.

20. Admitted that plaintiff was 100% disciplinary free for 2 years in Nevada, and upon his court ordered return to CT. within 51 days he was slammed with false, abusive and retaliatory D.R. charges in order to send him back to Supermax-Northern-Segregation.

21. Denied. Id. See above.

22. Denied. Id. See above.

23. Admitted plaintiff was tortured in restraints.

24. Admitted plaintiff was tortured in restraints.

25. Denied. It was not plaintiff's behavior which returned him to Northern. Admitted that the defendants named herein this action have committed far worse crimes against the plaintiff than he is even incarcerated for by totally denying

him all out-of-cell exercise from May 18, 2002
until April 20, 2003.

26. Denied. Counsel has failed to attach a copy of
this alleged D.R. charge to her moving papers.
She quotes Ex. D., however it is not there.

27. Denied. See Defs'. quoted Ex. E., plaintiff did not
interfer with any safety or security.

28. Denied. See Defs'. quoted Ex. E., there is not
a D.R. for fighting attached thereto. See Pl.'s
Affidavit at 1, 2, 3-4.

29. Denied. See Pl.'s Affidavit at 1, 2, 3-4.

30. Denied. See Pl.'s Affidavit at 1, 2, 3-4 and Id.
foregoing paragraph 20.

31. Admitted, but denied insofar as the plaintiff a
non-violent offender who never assaulted or harmed
any staff or inmates while incarcerated -- was not
ever a posed threat to the safety and security of
any facility.

32. Admitted, but denied that plaintiff received a
fair hearing.

67

—5—

33. Admitted.

34. Admitted.

35. Admitted.

36. Denied that the five hours of recreation in the full restraints per week constitutes meaningful or Constitutional adequate recreation. See Pl.'s Am. Compl.

37. Admitted.

38. Denied. Cells contain a cell partner, a sink, desk, stool and two large lockers. The size of cells is approximately 60 square feet. See Pl's Am. Compl at 27 and Pl's Affidavit at 6.

39. Admitted that one hour per day five days per week recreation in full restraints was provided, and the plaintiff was physicall required to participate in recreation in the full restraints, thereby clearly denying any form of out-of-cell meaningful exercise.

40. Admitted.

41. Admitted.

68

—6—

42. Denied. It's impossible for a man to engage in any form of meaningful exercise in these full restraints and dangerous. Pl.'s Am. Compl. at 23-27.

43. Admitted that these full restraints created a serious danger, Pl.'s Am. Compl. at 23, and they totally denied plaintiff all out-of-cell exercise. See Pl.'s Am. Compl. at 13 through 41.

44. Denied. In this case plaintiff was never any security threat. See Pl.'s Affidavit at 1, 2, 3, 4-5.

45. Denied. This is not whatsoever relevant to the Constitutional Violations stated herein this case. Further, plaintiff has never shown violence against any staff or inmates -- indeed it is in fact DOC staff who have violently permanently injured the plaintiff. Id. See foregoing stated civil actions.

46. Denied. There is absolutely no evidence whatsoever that any of this pertains to plaintiff. See Defs' moving papers.

47. Admitted. But denied that the full restraints were utilized for a legitimate penological safety and security reason.

69

48. Denied. Denied that the cells are large enough for meaningful exercise, Pl.'s Affidavit at 6. And denied that it was possible for plaintiff to engage in any incell exercise. See Pl.'s Am. Compl. at. 27.     Additionally - it is well settled law that the plaintiff had the Constitutional right to out-of-cell exercise.

49. Denied. The plaintiff's med. records do in fact substantiate that plaintiff had significant back injury and problems, which went untreated. See Defs. Exs. M, medical records.

50; 51; 52; 53; 54; 55; 56; 57; 58; 59; and 60 are admitted.

61. Denied. See Complaint. And Pl's Exhibits.

62 Denied. See Pl's Am. Compl. Wollenhaupt was supervisory official.

63. Denied. The specific claims herein this case are "Plaintiff's back/spinalcolume is seriously and permanently injured. And each time that their staff members forcefully handcuff him behind his back it further seriously injures his back and causes serious pain." Pl's Am. Compl. at 46. It is this problem which was ignored.

70

64. Denied. There is no evidence that this was the: "In terms of plaintiff's condition." See Defs'. Exs. M.

65. Denied. Med. records do prove plaintiff's back was seriously injured, he continued to specifically state how it is seriously injured, but was denied adequate med. care. See Defs'. Exs. M.

66. Admitted that plaintiff did not want his seriously injured back hurt worse.

67. Admitted that this was written, deny it's truth.

68. Denied. Plaintiff never attempted to escape. See Pl.'s Affidavit at 5.

69. Admitted.

70. Admitted.

71. Admitted.

72. Admitted that this pain medication prescribed substantrates plaintiff's back condition as serious.

73. Denied. There is no evidence and no way to

tell whether plaintiff's back was functioning well enough, and it's not relevant to subject matter.

74. Denied. Not relevant to subject matter. See Pl.'s Am. Compl.

75. Denied. There is no way to tell back in 1998 whether plaintiff made complaints of back pain on this day, or did not complain.

76. Admitted that back in September 1998 plaintiff did state how his back is not getting better.

77. Admitted.

78. Denied. See Pl.'s Affidavit at 8.

79. Admitted that nurse Clark is a defendant in Civil action No. 3:98 cv 2344 (JCH) (HBF) and has a motive to fabricate records.

80. Denied. No evidence whatsoever plaintiff was ever a potential security risk, or caused injury to any staff, inmates or ever attempted to strangle anyone. See Pl.'s Affidavit at 1, 2, 3, 4-5.

81. Admitted that nurse Clark is a defendant in

civil action No. 3:98 cv 2344 (JCH)(HBF) and has
a motive to fabricate records.

82. Admitted that plaintiff continued to be
forcefully handcuffed behind back despite it
inflicting severe pain/injury.

83. Denied. There is no way to tell this.

84. Admitted it is written, denied it is true. Despite
plaintiff's back being seriously injured and him
clearly, repeatedly stating how it is still seriously
injured, medical staff had clear custom of
falsely alleging "nothing is wrong". See Defs'. Exs. M-
N. Med. Records.

85. Admitted.

86. Admitted.

87. Denied. No way to tell whether "none included his
back."

88. Admitted. Denied adequate med. care was provided
for his back injury/pain.

89. Denied. Defendant Wollenhaupt was the supervisory

73

Official responsible. See Pl's Am. Compl. at 11.

90. Denied. See Defs'. Exs. M. Med Records.

91. Admitted.

92. Denied. Not correct, as Paula Miller a counselor and not a doctor alleged this.

93. Denied. See Defs'. Exs. M. Med. Records.

94. Denied that examiners findings were "N L", there is no way to tell who wrote it, or job title, or qualifications to conduct examination, or the nature or scope of it.

95. Admitted, but there is no way to tell who conducted examination, or if it was actually conducted and, if so, the nature and extent of the examination.

96. Admitted only that this is written.

97. Admitted that by court order plaintiff was returned to CT.

98. Denied. Med Records do not confirm plaintiff

74

-12-

Complained only once. Further, plaintiff never needed to request that Cheshire Staff issues an order that he be handcuffed in the front, becaus at Cheshire no inmates are cuffed behind their backs. Unlike Northern whereat plaintiff almost every single day was forcefully cuffed behind his back. See Pl.'s Am. Compl. at 42 through 54.

99. Denied. Id. See above paragraph 20.

100. Admitted that all of the plaintiff's complaints were not written down nor acted on.

101. Admitted, insofar that Dr. Blancette in his affidavit (who is employee of defendants), wrote these unsupported words. Even a lay person knows that x-rays do not determine a serious back injury or pain. It's unethical for Blancette to allege this, without ever even examining the plaintiff. Remaining #101 is denied.

102. Admitted, insofar that defendant Wollenhaupt failed as the responsible supervisory official, to issue an order to stop infliction of the serious injury and pain to plaintiff.

75

103. Denied. See Pl.'s Am. Compl. at. 11.

104. Admitted these notations were made.

105. Admitted that she failed to even address the issue of plaintiff's claims in this lawsuit that it was medically necessary for him to be handcuffed in front only.

106. Admitted that this was one of a high volume of Requests filed.

107. Admitted that plaintiff filed a high volume of Requests of this nature, denied they were ever acted on appropriately.

108. Denied. See Pl.'s Am. Compl. at 11.

109. Denied. See Defs'. Exs. M. Med. Records.

110. Admitted that it is a custom for DOC staff including medical, to allege "nothing is wrong" when inmates have and complain of a serious med. condition. See Defs'. Exs. M. Med. Records.

111. Admitted that this is not relevant to the subject matter in this case. See Pl.'s Am. Compl.

76

112. Admitted that it is not relevant hereto subject matter of this case and involves separate litigation.

113. Admitted Feinberg failed to order it, denied that it was not warranted. See Defs'. Exs. M.

114. Admitted.

115. Admitted insofar, medical staff was aware, denied plaintiff's concern was ever adequately evaluated or address. See Defs'. Exs. M.

116. Admitted that it was diagnosed, denied it was correct, or ever adequately treated. See Defs'. Exs. M.

117. Admitted that pain medication was again prescribed constituting serious medical need, admitted defendant Wright continued to fail to issue the order.

118. Denied. See Defs'. Exs. M.

119. Denied. See Wilkerson V. Utah, 99 U.S. 130, 136, 25 L.Ed. 345 (1878) Deference to prison officials does not give them Constitutional license to

77

torture inmates.

## Disputed And Undisputed Issues Of Material Fact

1. Plaintiff has never been a management problem for the DOC prison officials. See Pl.'s Aff. at 1.

2. Plaintiff has been subjected to the most grotesque, malicious and pervasive retaliation by the CT. DOC officials that one can imagine. See Pl.'s Aff. at 1.

3. At the DOC notorious KangarooCourt plaintiff has been falsely found guilty of numerous retaliatory, false, abusive, and corrupt in nature D.R. charges. See Pl.'s Aff. at 5.

4. The cells at Northern C.I. are too small to engage in exercise in. They contain a cell partner, two bunk beds, a toilet, a sink, desk, stool and two large lockers. The size of the cells are only approximately 60 square feet. See Pl.'s Am. Compl., Pl.'s Aff. at 6., and see Def. Coates' response to Admissions at 23. Exhibit J.

5. Plaintiff is a non-violent offender. While incarcerated plaintiff has never attempted to or assaulted any Department employee or inmate. See Pl.'s Aff. at 3.

6. At all times relevant to this Complaint defendants Armstrong, Tokarz, Matos, Myers, Coates, Lajoie and Whidden were responsible for the created and enforced policy and custom requiring the plaintiff to wear full mechanical restraints during the out-of-cell recreation. See Exhibit C. Armstrong's responses to Interrogatories at 6, as the Commissioner he admits that all of these defendants "are responsible". And See Exhibit K. Whidden's responses to Interrogatories at 2,4, as a Major she admits that "all of these defendants are responsible".

7. The policy and custom utilizing the full restraints at recreation, totally deprived plaintiff all out-of-cell exercise from May 18, 2002 until April 20, 2003, 338 days. See Exhibit A. Armstrong's responses to Admissions with all Attachments. See Exhibit J. Coates' responses to Admissions at 1, 3, 8, 9, 11, 12, 13, 14, 15, 16, 18, 19, 20, 32, 33, 34, 35. And See Defs'. Mem. and Statement; they admit to the said policy and custom of utilizing full restraints.

79

8. Defendants did not present an argument involving defendants' personal involvement, with respect to the plaintiff being denied all out-of-cell recreation and exercise for 338 days. Therefore personal involvement hereto is undisputed -- genuine issues of material fact. See Defs' Mem.

9. Defendants did not present an argument or oppose Pl.'s Am. Compl. 27; (b); (c); or (d) of plaintiff could not engage in meaningful exercise inside his cell due to ... (b), (c) and (d) -- therefore these are undisputed -- genuine issues of material facts. See Defs' Mem.

10. In addition, the defendants did not present any argument or oppose Pl.'s Am. Compl. 32. Of as a consequence of the actions of the defendants herein described, and omissions, a total or near total deprivation of exercise and recreation opportunity, without penological justification occurred from May 18, 2002 until April 20, 2003. Therefore this time frame which is undisputed, is genuine issues of material fact. See Defs' Mem.

11. In addition, the defendants did not present any argument or oppose Pl.'s Am. Compl. 33. Of the time frame of 338 days denial of out-of-cell exercise. Therefore the 338 days are genuine issues

80

of material fact.

12. In addition to the aforementioned undisputed material facts of: the defendants undisputed personal involvement, undisputed that in cell exercise is precluded, and undisputed time frame of 338 days, please also see Pl.'s Am. Compl. 38. As a consequence of the actions of the defendants, and omissions, the plaintiff suffered: (a); (b); (c); (d); (e); (f); (g); (h); (i); (j); and (L).
Defendants did not present any argument or oppose these sustained serious, physical and mental injuries to the plaintiff. Therefore they are genuine issues of material fact. See Defs. Mem.

13. Notwithstanding the clear serious excessive risk of harm, there is no training provided whatsoever with respect to how to properly and safely handcuff a seriously injured inmate. See Exhibit L. Oglesby's responses to Interrogatories at 5, and Exhibit K. Whidden's responses to Interrogatories at 5.

14. And furthermore, notwithstanding the serious excessive risk of harm, there is no training provided in how to determine whether or not a inmate can be handcuffed behind his back or

81

in front. See Exhibit L. Oglesby's responses to
interrogatories at 6. and Exhibit K., Whidden's
responses to interrogatories at 6.

15. Id. Additionally, there are absolutely no
DOC Directives, Policies, Practices, Customs, or any
other writings which state how unit staff is to
make the determination whether an inmate is
handcuffed behind the back or in front.
See Exhibit L. Oglesby's responses to interrogatories
at 7.

16. Plaintiff was physically forced to comply
with the handcuffing behind the back policy.
Despite it inflicting serious injury and pain.
See Exhibit K. Whidden's responses to
Interrogatories at 16.

17. On March 9, 1998 DOC prison officials violently
beat plaintiff in a sallyport. They embedded boot prints,
bruising into his back. As a result plaintiff was
placed in a hospital bed for five days and since
this incident his back/spinalcolumn has been
seriously/permanently injured. He has attempted to
seek adequate medical care but its been deliberately
denied. See Civil Action No. 3:00 cv 391 (HBF) (JCH).
And Pl.'s Affidavit at 8.

-20-

18. On May 18, 2002 plaintiff was transferred to Northern. Excessive force was utilized by forcefully handcuffing him behind the back, thereby exacerbating his seriously injured back. Pl.'s Aff. at 9.

19. From May 18, 2002 until April 20, 2003 the excessive force was utilized on plaintiff almost every single day and most times numerous times per day. See Pl.'s Aff. at 9.

20. If plaintiff tried to explain his serious medical condition precluding handcuffing behind the back, they threatened to mace him and four point him, unless he complied with the utilized excessive force. See Pl.'s Aff. at 9.

21. Being forcefully handcuffed behind back, inflicted to plaintiff exruciating pain, and sharp pain to shoot down his legs and arm. See Pl.'s Aff. at 9.

22. Defendants Armstrong, Tokarz, Matos, Myers, Coates, Lajoie, Whidden, Oglesby, Blanchette, Dr. Wright and Wollenhaupt all failed and refused to remedy the wrong of their subordinates forcefully handcuffing plaintiff behind his back and seriously inflicting injury and pain. See

-21-

82-82

Pl.'s Aff. at 10.

23. All of the defendants named in this lawsuit were responsible for seeing that appropriate medical care was provided to the plaintiff. See Exhibit F. Wollenhaupt's responses to Interrogatories at 2 (a) (b).

24. Medical Staff specifically defendants Wollenhaupt and Dr. Wright did indeed have the responsibility, authority and obligation to issue an order for custody staff to not handcuff plaintiff behind his back. See Exhibit F. Wollenhaupt's responses to Interrogatories at 6 and 7.

25. Plaintiff through numerous requests, ▇ verbally, letters, grievances and appeals specifically informed the defendants before, during and after of the violations in the Am. Compl. See Pl.'s Aff. at 10., and Exhibits.

Respectfully Submitted
Duane Ziemba
Duane Ziemba # 128963
Garner C.I.
50 Nunnawauk Road
Newtown, CT 06470

83

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 1st day of November 2005:

Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: ~~Duane Ziemba~~
    Duane Ziemba