# United States District Court
## District Of Connecticut

| | |
|---|---|
| Duane Ziemba | Civil Action No. |
| | 3:02 cv 02216 (DJS) |
| vs. | |
| John Armstrong, et al. | November 1, 2005 |

## Plaintiff's Memorandum Of Law In Opposition To Defendants' Motion For Summary Judgment

The plaintiff hereby respectfully opposes the defendants' Motion for Summary Judgment in its entirety. The defendats' motion is patently frivolous and, as a matter of law, should therefore be denied.

### I. Introduction And Facts

This is a §1983 action arising out of the defendants denying the plaintiff out-of-cell meaningful exercise and recreation, intentionally denying the plaintiff Constitutionally adequate medical care, excessive force, and failure to protect.

1

## II. Standard Of Summary Judgment

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 91 L.Ed. 202, 106 S. Ct. 2505 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). The burden of showing that no genuine factual disputes exists rests upon the moving party. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. Cir. 2000).

The evidence of the party (Plaintiff Herein) opposing summary judgment is "to be believed, and all justifiable inferences are to be drawn in [that party's] favor." Id. at 255. Moreover, the pleadings of a pro se plaintiff must be read liberally and should be interpreted "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

In applying this standard, the Court should not weigh evidence or assess the credibility of witnesses. United States v. Rem, 38 F.3d

634, 644 (2d Cir. 1994). These determinations are within the sole province of the jury. <u>Azrielli v. Cohen Law Offices</u>, 21 F.3d 512, 517 (2d Cir. 1994).

### A. Denial Of Right Of Out-Of-Cell Meaningful Exercise And Recreation

In this Circuit, way back in 1971 the Court considered the conditions of confinement of segregated prisoners, including the right to outdoor exercise for an hour "in a small, enclosed yard, open to the sky", (not in full restraints as in this present case) and found these conditions consistent with Eighth Amendment requirements. <u>Sostre v. McGinnis</u>, 442 F.2d 178, 186 (2d Cir. 1971) (in banc), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). See also <u>Frazier v. Ward</u>, 426 F.Supp. 1354, 1369 (N.D.N.Y. 1977) (One hour per day of outdoor exercise Constitutionally sufficient).

It's important to understand that this present case is entirely different from these above cases, in that herein this case the stated claims are plaintiff was denied all out-of-cell exercise for 338 days due to the policy of full restraints being utilized during recreation.

3                              -3-

In 1985, in <u>Anderson v. Coughlin</u> -- Seventeen years before the issues in this present case -- the Court described the right to exercise in unequivocal terms, stating that "Courts have recognized that some opportunity for exercise must be afforded to prisoners." 757 [**16] F.2d 33, 35 (2d Cir. 1985) (emphasis added).

The pertinent Court of appeals decisions of which plaintiff is aware -- that is, those decided before plaintiff Duane Ziemba was denied out-of-cell exercise in 2002 -- are uniform in concluding that the Eighth Amendment requires that prison inmates be allowed some out-of-cell exercise. See, e.g., <u>Mitchell v. Rice</u>, 954 F.2d 187, 192 (4th Cir.), cert. denied, 506 U.S. 905, 121 L.Ed. 2d 222, 113 S.Ct. 299 (1992); <u>Davenport v. DeRobertis</u>, 844 F.2d 1310, 1315 (7th Cir.), cert. denied, 488 U.S. 908, 102 L.Ed. 2d 248, 109 S.Ct. 260 (1988); <u>Toussaint v. Yockey</u>, 722 F.2d 1490, 1492-93 (9th Cir. 1984).

See <u>Williams v. Goord</u>, 142 F.Supp. 2d 416; 2001 U.S. Dist. LEXIS 1338 (2d Cir. 2001): this case is on point with respect to the stated claims herein this case of the plaintiff seeking a judgment declaring that the policy requiring (plaintiff) inmates to wear full mechanical restraints while in the exercise cage is cruel

-4-

and unusual punishment in violation of the Eighth Amendment -- in that all meaningful out-of-cell exercise is denied.

In this on point case, plaintiff Rahsaan Williams was only denied "meaningful" exercise for twenty-eight days - defendants' motion for summary judgment was denied.

There is substantial agreement among the cases in this area that some form of regular <u>outdoor</u> exercise is extremely important to the psychological and physical well being of the inmates. <u>Frazier v. Ward</u>, 426 F. Supp. 1354, 1367-69 (N.D.N.Y. 1977); <u>Rhem v. Malcolm</u>, 389 F. Supp. 964, 972 (S.D.N.Y.), <u>Aff'd on other grounds</u>, 527 F.2d 1041 (2d Cir. 1975); <u>Hamilton v. Landrieu</u>, 351 F. Supp. 549, 550 (E.D. La. 1972); <u>Taylor v. Sterrett</u>, 344 F. Supp. 411, 420 (N.D. Tex. 1972), Modified on other grounds, 499 F.2d 367 (5th Cir. 1974); <u>Conklin v. Hancock</u>, 334 F. Supp. 1119, 1122 (D.N.H. 1971); <u>Sinclair v. Henderson</u>, 331 F. Supp. 1123, 1129-31 (E.D. La. 1971); <u>Jones v. Wittenberg</u>, 330 F. Supp. 707, 717 (N.D. Ohio. 1971), <u>Aff'd. Sub nom. Jones V. Metzger</u>, 456 F.2d 854 (6th Cir. 1972); [**30] See also, <u>Smith v. Sullivan</u>, 553 F.2d 373, 379 (5th Cir. 1977).

Please See: "It is generally recognized that a

-5-

total or near-total deprivation of exercise or recreational opportunity without penological justification, violates Eighth Amendment guarantees." Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983); See Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985) ("Some opportunity for exercise must be afforded to prisoners"); Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir. 1982) ("confinement of inmates for long periods of time without opportunity for regular physical exercise constitutes cruel and unusual punishment."); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) ("denial of fresh air and regular outdoor exercise and recreation constitutes cruel and unusual punishment"); Rhem v. Malcolm, 371 F. Supp. 594, 627 (S.D.N.Y), affirmed, 507 F.2d 333 (2d Cir. 1974) (the right of a prisoner to exercise is "fundamental"); See also Campbell v. Cauthron, 623 F.2d 503, 507 (8th Cir. 1980); Campbell v. McGruder, 188 App. D.C. 258, 580 F.2d 521, 546 (D.C. Cir. 1978).

In recent years we have not only [**8] acknowledged that a lack of exercise can rise to a Constitutional violation, French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1986), but have concluded that "exercise is now regarded in many quarters

-6-

as an indispensable component of preventive medicine." Anderson v. Romero, 72 F.3d 518, 528 (7th Cir. 1995). Given current norms, exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being.

### The 338 Days Deprivation Of Out-of-Cell Exercise In This Present Action Amounts To A Constitutional Violation

Please See Williams v. Goord, 142 F. Supp. 2d 416; 2001 U.S. Dist. LEXIS 1338 (2d Cir. 2001). Twenty-eight days -- raised genuine issue of material fact, precluding summary judgment.

Housley v. Dodson, 41 F.3d 597 (10th Cir. Nov. 29, 1994). Only 30 minutes of out-of-cell exercise during three month period was sufficient to state civil rights claim against jail officials based on violation of prohibition against cruel and unusual punishment. U.S.C.A. Const. Amend. 8; 42 U.S.C.A. § 1983.

Williams v. Greifinger, 918 F. Supp. 91, 98 (S.D.N.Y.) (holding plaintiff was entitled to summary judgment on Eighth Amendment claim because he was deprived

-7-

of exercise for 589 days), rev'd on other grounds, 97 F.3d 699 (1996).

Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir. 1996) (upholding preliminary injunction requiring prison officials to release inmate from medical keeplock when inmate allowed out of cell only ten minutes per week for over [*426] three-and-one-half years).

Allen v. Sakai, 48 F.3d 1082, 1086-88 (9th Cir. 1995) (affirming district Court's denial of qualified immunity where inmate allowed only forty-five minutes of outdoor exercise per week for period of six weeks and segregation was indefinite).

Mitchell v. Rice, 954 F.2d 187, 192 (4th Cir. 1992) (holding that qualified immunity is not appropriate because reasonable prison official should have known that depriving inmate of out-of-cell exercise for periods of seven months and eleven months would violate Eighth Amendment). And this was an extremely violent and dangerous inmate. (emphasis added).

Patterson v. Mintzes, 717 F.2d 284 (6th Cir. 1983) (denial of out-of-cell exercise during 46-day

-8-

tenure at facility raised genuine issue of material fact, precluding summary judgment. U.S.C.A. Const. Amend. 8.).

Toussaint V. Yockey, 722 F.2d 1490, 1493 (9th Cir. 1984) (denial of outdoor exercise to inmates assigned to administrative segregation for over one year raised "substantial constitutional question").

Morissette V. Detella, 1997 U.S. Dist. LEXIS 15364, No. 96 C 6798, 1997 WL 619851, at *3 (N.D. Ill. Sep. 29, 1997) (finding viable claim for deprivation of exercise where prisoner unable to exercise outside 6'x9' cell for 139 days).

Davenport V. DeRobertis, 844 F.2d 1310, 1313 at 1315 (upholding injunction requiring five hours of weekly exercise for prisoners confined for more than 90 days in segregation and discussing cases in support of this threshold).

### Fact That An Inmate Is Violent Does Not Justify Total Denial Of Out-Of-Cell Exercise And Recreation

Courts [of appeals] have agreed that any form of restrictions on exercise must be limited to

-9-

"unusual circumstances", or circumstances in which exercise is "impossible" because of disciplinary needs. Mitchell v. Rice, 945 F.2d 187, 192 (4th Cir.), cert. denied, 506 [**18] U.S. 905, 121 L. Ed. 2d 222, 113 S.Ct. 299 (1992); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). The courts found that the fact that an inmate is violent [*705] may justify segregating him or her from the general prison population, but does **not** necessarily justify a prison's failure to make "other exercise arrangements"; further, they agreed that prisons may not invoke cost considerations in denying prisoners the opportunity to exercise. Mitchell, 954 F.2d at 192; Spain, 600 F.2d at 200. Mitchell **also** illustrates the skepticism with which restrictions on prisoners' ability to exercise are properly viewed: the Mitchell court specifically found that it would **not** be possible to grant summary judgment to prison officials on their claim of qualified immunity, even in the case of an inmate who had been denied exercise because of his "incorrigibly assaultive nature", without "[a] detailed review of the feasibility of alternatives ... such as solitary out-of-cell exercise periods, or the adequacy of in-cell

exercise." <u>Mitchell</u>, 954 F.2d at 193.

    <u>In</u> this case the plaintiff Duane Ziemba, is a non-violent offender incarcerated for larceny, and while incarcerated he readily admits to destroying some state property, but he <u>never</u> physically harmed any other inmates or even a Department employee. It is indisputable that he did not pose any danger to anyone. Therefore this honorable Court can only conclude that it was not "objectively reasonable" for the defendants named herein this lawsuit to believe that the possibility of inmate or staff unrest, or of contagion, would suffice to trigger the safety exception to the right to plaintiff to exercise.

    There is substantial agreement among the cases in this area. <u>See Bailey v. Shillinger</u>, 828 F.2d 651, 653 (10th Cir. 1987) (per curiam), citing <u>Ruiz v. Estelle</u>, 679 F.2d 1115, 1152 (5th Cir. 1982), and <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979). In <u>Bailey</u>, the Court found that even a convicted murderer who had murdered another inmate and represented a [*7] major security

-11-

risk was entitled to <u>outdoor</u> exercise. The prisoner was receiving one hour per week of outdoor exercise. Although the Court found "this amount of exposure to exercise and fresh air" to be "restrictive", it was not considered cruel and unusual punishment <u>under the circumstances</u>. 828 F.2d at 653.

In this present case, there is absolutely no evidence that the plaintiff Duane Ziemba was a particularly high security risk, or a danger to anyone whatsoever -- yet he was totally denied all out-of-cell exercise for 338 days. As stated in <u>Davenport v. DeRobertis</u>, "a failure to provide inmates (confined for more than a very short period ...) with the opportunity for at least five hours a week of exercise outside the cell raises serious constitutional questions." 844 F.2d 1310, 1315 (7th Cir. 1988) (citing cases). <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979) ("denial of fresh air and regular outdoor exercise and recreation constitutes cruel and unusual punishment"); <u>Rhem v. Malcolm</u>, 371 F.Supp. 594, 627 (S.D.N.Y.), affirmed, 507 F.2d 333 (2d Cir. 1974) (the right of a prisoner to exercise is "fundamental").

-12-

### B. Serious Unconstitutional Violation In Recreation Policy And Total Denial of Exercise For 338 Days

#### 1. Serious Constitutional Violation

The defendants argue that plaintiff's claims concerning "the policy requiring him to recreate in restraints while in Phase 1 of Administrative Segregation program at Northern..., fails to allege unconstitutional conditions." Defs' Mem. at 25. The defendants are mistaken.

**First**, the defendants arguement is completely frivolous. Id. Please see the foregoing cases cited, it is clear and indisputable that the policy utilizing full restraints did directly cause the Unconstitutional conditions (Constitutional Violation) of the plaintiff totally being deprived of out-of-cell exercise for the searing 338 days. Id. cases cited.

**Second**, See Amended Complaint at paragraph 13: "The plaintiff seeks judgment against defendants Armstrong, Tokarz, Matos, Myers, Coates, Lajoie, and Whidden -- declaring that their policy and custom requiring inmates who are confined at

-13-

Northern, in administrative Segregation, phase one, to wear full mechanical restraints during out-of-cell recreation constitutes a total or near total deprivation of exercise and recreation opportunity and has in this case inflicted cruel and unusual punishment to the plaintiff..."

The defendants did not present an argument involving any of these seven (7) defendants' personal involvement in this stated Constitutional violation. Accordingly, this Court does not address these defendants' personal involvement. See, e.g., Keeney V. Estate of Nolan, 196 F. Supp. 2d 190, 199 (D. Conn. 2002) (JCH) (The defendants "did not present an argument that they were entitled to qualified immunity for striking [plaintiff] in the head and face. Accordingly, the Court does not address whether qualified immunity applies to that conduct."). See also Whelan V. Abell, 310 U.S. App. D.C. 396, 48 F.3d 1247, 1251 (D.C. Cir. 1995); Kattan V. District of Columbia, 301 U.S. App. D.C. 374, 995 F.2d 274 (D.C. Cir. 1993), cert. denied, 571 U.S. 1018, 128 L.Ed 2d 71, 114 S.Ct. 1398 (1994).

In addition to the aforementioned personal involvement of the defendants being <u>undisputed</u>, with respect to denial of out-of-cell exercise, please also see the 3rd Amended Complaint at paragraph 27: "Plaintiff could not engage in meaningful exercise inside his cell due to the following facts": (a) the cells are too small...; (b) ventilation vents inside cells are permanently blocked up and ventilation is poor; (c) all running water inside cells have timers making it impossible to adequately wash up; (d) due to CT. prison overcrowding the Northern cells have been doubled up. Which are the most violent, worst of worst inmates. Plaintiff is a non-violent offender and if he attempted to engage in exercise inside the too small cell, steaming up cell, creating body oder, it would make his cell partner (violent-dangerous-worst of worst) hostile towards him thereby placing his life, safety and well being in serious danger.

    The defendants did not present any argument whatsoever with respect to b, c and d. These are now, also, undisputed material facts of the plaintiff was precluded from engaging in in cell exercise. <u>Id.</u> Cases cited.

-15-

In addition to the aforementioned <u>undisputed</u> material facts of: the defendants' personal involvement and in cell exercise being precluded, please also see the 3rd Amended Complaint at paragraph 32: "As a consequence of the actions of the defendants herein described, and omissions, a total or near total deprivation of exercise or recreation opportunity [out-of-cell], without penological justification occurred from May 18, 2002 until on or about April 20, 2003 -- directly to the plaintiff."

The defendants did not present any argument whatsoever with respect to this time frame of May 18, 2002 until on or about April 20, 2003. Accordingly these are now, also, undisputed facts of the time frame [338 Days] that the plaintiff was denied out-of-cell exercise. This Court should not address these undisputed material facts. Id. Cases Cited.

In addition to the aforementioned <u>undisputed</u> material facts: the defendants' personal involvement, in cell exercise being precluded, and the time frame of 338 days denial of out-of-cell exercise, please also see the Amended Complaint at paragraph 33: "The plaintiff from May 18, 2002 until on or about

-16-

April 20, 2003 – Suffered a total or near total deprivation of exercise...., for these approximately 338 days it was not possible for plaintiff to leave his cell to go to recreation. Directly due to the defendants recreation full restraint policy and custom...

Moreover, the defendants did not present any form of argument whatsoever with respect to this 338 time frame. Accordingly, this court should not address these undisputed material facts. Id. Cases cited.

In addition to the aforementioned undisputed material facts of: the defendants undisputed personal involvement, undisputed that in cell exercise is precluded, and the undisputed facts of the 338 day time frame of the denial of out-of-cell exercise, please also see the 3rd Amended Complaint at paragraph 38: "As a consequence of the actions of the defendants, and the omissions of the defendants, the plaintiff suffered": (a) Severe atrophy; (b) joints soreness, painfulness and swelling; (c) joints to become cold and numb; (d) acute ulcer; (e) stomach cramps and heartburn; (f) back pain; (g) hair to fall out; (h) mental anguish, misery and stress; (i) lethargy; (j) headaches and migraines;

-17-

and (L) insomnia.

The defendants did not present an argument with respect to these physical and mental injuries suffered. Accordingly, this Court should not address these undisputed material facts of the physical and mental injuries. Id. Cases cited.

In addition to the aforementioned undisputed material facts of: the defendants undisputed personal involvement, undisputed that in cell exercise is precluded, and the undisputed material facts of the 338 day time frame, *inter alia*, please also see the 3rd Amended Complaint at paragraph 62: "The defendants were personally involved in and responsible for the denial of exercise and recreation in that": (a) they participated in the Constitutional violations; (b) after being informed of the violation, they failed to remedy the wrong; (c) they created a policy and custom, and they allowed the continuance of a policy and custom, under which inmates would be deprived of out-of-cell exercise; (d) they were deliberately indifferent in supervising and training subordinates who committed the wrongful acts described herein;

-18-

and (e) they exhibited deliberate indifference to the plaintiff's rights by failing to act on information indicating that unconstitutional acts were occurring. See Colon V. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Williams V. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

Unequivocally — the defendants did not present any argument whatsoever with respect hereto the defendants being "personally involved in and responsible for the denial of exercise and recreation."

Therefore the defendants personal involvement and responsibility for the Constitutional violation, is as a matter of law, undisputed and material facts. Accordingly, this Court should not address judgment relevant hereto these undisputed material facts. Id. Cases Cited.

Incredibly, the defendants entire defense is they allege: "clearly no constitutional violation can be found in the policy at issue." Defs' Mem. at 30. With this patently frivolous defense the defendants are as far out on the legal limb as they can get. Id. See foregoing cases cited -- it is abundantly clear that a constitutional violation is found, and that

-19-

the defendants were personally involved in and responsible for the Constitutional violation. "The cases ... show that the total denial (338 days in this case) of exercise is a serious deprivation of basic human needs, and that defendants, by helping to formulate [**8] and then approving the challenged policy, were deliberately indifferent to the excessive risk that this deprivation posed to the plaintiff's health." Williams v. Greifinger, 918 F. Supp. 91, 96 (S.D.N.Y. 1996).

As indicated above, as a matter of law the defendants are not entitled to summary judgment. Counsel for the defendants with her patently frivolous defense is moving this honorable Court, for the destruction of the Constitution and ultimately for a clause that would eliminate the Eighth Amendment to the United States Constitution.

### 2. It Is Beyond Cavil That Qualified Immunity Does Not Apply

The defendants argue that "even were this Court to find that the former policy of

-20-