Plaintiff filed a Health Grievance dated October 2, 2002 (copies went to defendants Armstrong, Myers and Blanchette, see bottom of said Grievance), on face of this grievance plaintiff stated the following facts: "I have submitted high volume of requests to medical but medical has failed to act on them. Medical Supervisor Patty W. (defendant Wollenhaupt) and the Doctor (defendant Wright) Et Al. have failed to order custody staff to stop handcuffing me behind my back. Which has caused my back to be seriously re-injured repeatedly - on going severe pain." To remedy plaintiff requested: "(1) medical to order custody to stop handcuffing me behind my back; (2) Commissioner Armstrong and Warden Myers to take disciplinary action against medical staff and correct unlawfulness." This level 1, 2 and 3 Grievance with deliberate indifference was never acted on. See Grievance at Exhibit E, Admissions Served on Def. Wollenhaupt at Exhibit A.

Plaintiff filed another Health Grievance, dated October 11, 2002 (copies went to defendants Armstrong, Myers and Coates, see said Grievance), regarging the same matter. Defendant Wollenhaupt personally "Rejected" it on 10/17/02, alleging [falsely] "this is a custody issue, we do not dictate how one is cuffed." See Exhibit E, at Exhibit B. We know

-46-

that this response by Wollenhaupt is not true. Please see Exhibit F, Wollenhaupt's Interrogatory responses at 2 (a) (b) (c) -- She admits that "Any and all correctional staff are responsible within the scope of their duties with seeing that appropriate medical care is provided to inmates." Wollenhaupt swears to this under oath. At Interrogatory 5, she further admits that the procedure a inmate must follow in order to be handcuffed in the front to stop severe pain and injury is: "Alert medical staff, who will work with inmate and custody staff to see what is appropriate." (but her statement in above Grievance is to the complete contrary - that "this is custody issue").

    The problem with this is the plaintiff did alert medical staff (and custody) but they did not even try to work with him.

Wollenhaupt at Interrogatory 6 an 7 (Exhibit F) admits that <u>medical staff ordered</u> custody staff to provide plaintiff a bottom bunk due to his injured back, and <u>medical staff ordered</u> for custody staff to use oversize handcuffs on plaintiff. Wollenhaupt swears to this under oath.

    These genuine issues of fact are significant because they prove medical staff (defendants) are liable for failing to issue the order for the plaintiff not

-47-

to be handcuffed behind the back. Id. It is this failure which caused the Unconstitutional treatment and injuries. Ultimately these facts prove how blatantly dishonest the defendants are, by their alleging they had no authority or responsibility to issue such an order. When in fact they did have the responsibility, **authority**, and obligation to do so - but deliberately failed to.

Plaintiff filed a Health Emergency Grievance dated October 30, 2002 and stated the following facts: "Med. Supervisor Wollenhaupt has failed to have a qualified Doctor see me for my seriously injured back. And she has in fact been aware that custody staff handcuffing me behind back has severely re-injured my back, keeps injuring my back since May has totally denied me recreation. Deliberate indifference → no Doctor has seen me."

Defendant Wollenhaupt personally "Rejected" this grievance on 11/4/02 and again lied by alleging: "there is no medical issue to have you cuffed in front." See Exhibit E, at Exhibit C.

Plaintiff filed yet another Health Grievance, on December 15, 2002 and stated: "I have submitted

-48-

numerous requests which have not been acted on. Being handcuffed behind my back has seriously re-injured my back. Causing severe and unbearable pain, and now my back will not heal due to you keep having me handcuffed behind my back." Incredibly, defendant Wollenhaupt also "Rejected" this grievance. See Exhibit E, at Exhibit D.

Plaintiff filed yet another Health Grievance, on December 27, 2002 and stated the following facts: "Doctor (defendant Dr. Wright) lied. On 12/19/02 Doctor saw me and he stated that he is going to order custody to stop handcuffing me behind my back and in the front only, to stop damaging my back. Custody has informed me that Doctor (Defendant Wright) has not ordered this. And now due to medicals failure    (Deliberate Indifference)   , my back is re-injured, suffering severe pain." Incredibly, defendant Wollenhaupt "Denied" this grievance. See Exhibit E, at Exhibit E.

Plaintiff filed yet another Health Emergency Grievance, on January 3, 2003 regarding the same matter. Defendant Wollenhaupt with continued deliberate indifference "Rejected" this justified emergency grievance. See Exhibit E, at Exhibit F.

-49-

Plaintiff filed yet another Health Grievance, on February 3, 2003 and stated the following facts: "See attached request forms to Wollenhaupt/Dr. Wright dated 1/7, 1/10 and 1/15/03 they are extremely corrupt and have failed to act on these requests. This grievance against Supervisor Wollenhaupt/Dr. Wright for failing to act on my attached requests, and denying me medical treatment for my seriously injured back. They both very maliciously keep having me handcuffed behind back, which has/is extremely damaging my back. I cannot take the extreme pain this is inflicting." Incredibly, defendant Wollenhaupt with continued deliberate indifference "Rejected" this meritorious grievance. She took no action whatsoever to provide the plaintiff medical care. See Exhibit E, at Exhibit G.

The defendants argue that nurse Wollenhaupt merely answered the plaintiff's grievance, and she did not have sufficient personal involvement. See Defs.' Mem. at 38. The defendants are mistaken. First, defendant Wollenhaupt is not merely a nurse, but is a Supervisory Official in this case. Second, personal involvement will be found where a supervisory official receives and acts on a prisoner's grievance (Wollenhaupt acted on plaintiff's voluminous grievances in this case and demonstrated

-50-

gross deliberate indifference) or otherwise reviews and responds to a prisoner's complaint. See e.g. Ramons v. Artuz, 2001 U.S. Dist. LEXIS 10327, 2001 WL 840131, at *8-*10 (S.D.N.Y. July 25, 2001) (personal [*364] liability where prison official "sent plaintiff numerous letters containing some explanation or justification concerning the issues raised by plaintiff."); cf. Johnson v. Bendheim, 2001 U.S. Dist. LEXIS 9679, 2001 WL 799569, at *6 (S.D.N.Y. July 13, 2001) (motion to dismiss denied as to prison official who received prisoners' grievances and denied them); Van Pelt v. Finn, 1993 U.S. Dist. LEXIS 15951, 1993 WL 465297, at *6 (S.D.N.Y. Nov. 12, 1993) [**27] (prison official demonstrated personal involvement when he received plaintiff's grievances).

In addition to the aforementioned, please see Exhibit E, at Exhibit H - Grievance dated 3/17/03; Exhibit E, at I - Grievance dated 3/24/03; and Exhibit E, at J - Requests dated 9/23/02, 9/26/02, 12/19/02, 1/7/03, 1/10/03 and 1/15/03.

Defendant Dr. Wright himself has admitted that the plaintiff's seriously injured back "could make it extremely painful to bend down", and "could cause severe pain to shoot down a persons legs, arm, and up into the neck". See Exhibit G,

-51-

Responses to Admissions at 27 and 28.

Please see Pl.'s Aff. at 9., he states: "On May 18, 2002 I was transferred to Northern. It's policy that all inmates are conducted out of their cells in full restraints. The guards open food trap in cell door(s) and you must back up to it, with both arms/hands behind back, bend down low due to traps are low near floor, and place hands out trap to thereby be handcuffed behind the back. It is the above which exacerbated my serious back condition. From May 18, 2002 until April 20, 2003, almost every single day and numerous times per day I was physically forced to go to cell door trap, and they forcefully handcuffed me behind my back. If I tried to explain my serious medical condition they threatened to mace me and four point me unless I complied. It caused excruciating pain, and sharp pain to shoot down my legs and arms, and up into my neck." (emphasis added).

    It is admitted that the plaintiff was indeed physically forced to comply with this handcuffing behind the back policy. See Exhibit K, at 16.

With respect to defendant Blanchette. In

-52-

September and November 2004, the DOC prison officials in retaliation against the plaintiff due to his litigation, unlawfully stole his legal material property. Part of the stolen legal material consisted of all documentation and evidence involving defendant Blanchette's culpability. Therefore, the plaintiff is now precluded from sufficiently opposing the defendants' motion with respect <u>solely</u> to defendant Blanchette.

> Notwithstanding the plaintiff's essential legal material being stolen with respect to defendant Blanchette, the plaintiff submits to the wisdom of this honorable Court: that as a matter of law, for all the reasons [material facts] herein, and such others as the Court might discern, the defendants each of them including Blanchette are not entitled to summary judgment.

D. <u>Finally -- Excessive Force And Failure To Protect</u>

It is not only extremely unfair and unjust, but utterly preposterous how the defendants

-53-

have grossly and very intentionally mischaracterized the claims herein this case, as follows: "Without alleging times, dates, or even names, the plaintiff alleges that he was the subject of excessive force which injured him 'horribly, grotesquely and painfully.' Thrd. Amd. Com. 49-52. These claims seem to be related to the handcuffing in the back. He further claims that a conspiracy and failure to protect him from being handcuffed in the back. The defendants are not even able to respond to these vague and conclusory allegations, and summary judgment should enter in their favor on all of plaintiff's claims of excessive force." See Defs'. Mem. at 39.

First, the claims are very specific and clear and not in anyway whatsoever vague or conclusory. They are as follows:

> "This is a lawsuit arising out of the defendants Unconstitutionally..., failure to protect, and excessive force." See 3rd Am. Compl. at 1.

> "The plaintiff from May 18, 2002 the date of his transfer to Northern, forward,

-54-

verbally and through numerous requests, letters, grievances and appeals informed defendants Armstrong, Tokarz, Matos, Myers, Coates, Lajoie, Whidden, Oglesby, Blanchette, Dr. Wright, and Wollenhaupt -- that his back/spinal column is seriously and permanently injured. And each time that their staff members forcefully handcuff him behind his back it further seriously injures his back and causes serious pain." See these specific claims in 3rd Am. Compl. at 46.
(Defendants' deceptively attempt to deceive this Court by only citing "Thrd. Amd. Com. 49-52", and lying blatantly that plaintiff did not allege "names".)

"This excessive and unnecessary use of force subjected plaintiff to serious injury, and pain and suffering continuously from May 18, 2002 until on or about April 20, 2003 (338 days)." See 3rd Am. Compl. at 47.
(Moreover: defendants attempt to deceive this Court by only citing "Thrd. Amd. Com. 49-52" - See Defs. Mem. 39, and by lying that plaintiff has not "alleged times, dates."

-55-

"Notwithstanding the profound injury, pain and suffering inflicted to plaintiff by the forceful handcuffing him behind the back for a total of 338 days, the defendants with deliberate indifference failed to take action to have plaintiff handcuffed in front." See 3rd Am. Compl. at 48.
(Moreover: defendants attempt to deceive this Court by only citing "Thrd. Amd. Com. 49-52", and lying that plaintiff didn't "allege times or dates.").

"The defendants have failed intentionally, utterly, uniformly and repeatedly to protect the plaintiff from their staff, agents and employees whom they are responsible for, from using the 338 days of excessive use of force on plaintiff by forcefully handcuffing him behind the back." Please See 3rd. Am. Compl. at 53.
(Moreover: defendants attempt to deceive this Court by only citing "49-52".).

"Fourth Claim For Relief (Excessive Force -- against all defendants, pursuant to 42 U.S.C. §1983) The force used by the

-56-

defendants, their staff, agents, employees and all persons working in concert with them, was unreasonable and excessive in violation of plaintiff's rights under the 8th and 14th Amendments." See plaintiff's Am. Compl. at 67.
(Moreover: defendants attempt to deceive this Court by only citing "49-52", See Defs'. Mem. at 39.)

"Fifth Claim For Relief (Failure to Protect -- against all defendants, pursuant to 42 U.S.C. § 1983) The defendants were personally involved in, and responsible for, the failure to protect the plaintiff from the 338 days of excessive use of force, in that: (a) they participated directly in the constitutional violations; (b) after being informed of the violations, they failed to remedy the wrong; (c) they created a policy and custom, and they allowed the continuance of a policy and custom, under which inmates would be forcefully handcuffed behind their backs, despite a serious medical

condition preventing such use of force; (d) they were deliberately indifferent in supervising and training subordinates who committed the wrongful acts described herein — who for 338 days forcefully handcuffed plaintiff behind his back, and; (e) they exhibited deliberate indifference to plaintiff's rights by failing to act on the information indicating that unconstitutional acts were occurring." See 3rd Am. Compl at 69. Clearly the record shows the defendants are liable under each of the prongs of this analysis. Id. Cases cited. (Moreover, defendants attempt to deceive this court by only citing "Thrd Amd. Com. 49-52.").

As the above stated facts reveal, the excessive force and failure to protect claims are very specific and clear, and not whatsoever vague or conclusory. Id. The Supreme Court has recently articulated that the pleading standard under Rule 8 of the Fed. R. Civ. P. is a liberal one, and that a complaint must include only a "short and plain statement of the claim", and

-58-

must simply "give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Soreman, N.A., 534 U.S. 506, 513 (2002).

Unquestionably, in this case the plaintiff has over pleaded the claims of excessive force and failure to protect. Id. Notwithstanding these facts, the defendants have decided <u>not</u> to present an argument involving the specific (overly pleaded) claims of excessive force and failure to protect. See Defs. Mem. at 39. Accordingly, this Court does not need to address these claims. See, e.g., Keeney v. Estate of Nolan, 196 F. Supp. 2d 190, 199 (D. Conn. 2002) (JCH); Whelan v. Abell, 310 U.S. App. D.C. 396, 48 F.3d 1247, 1251 (D.C. Cir. 1995); Kattan v. District of Columbia, 301 U.S. App. D.C. 374, 995 F.2d 274 (D.C. Cir. 1993), cert. denied, 511 U.S. 1018, 128 L.Ed. 2d 71, 114 S. Ct. 1398 (1994).

The reason that the defendants must have decided not to even present an argument on these 2 claims of excessive force and failure to protect, is they know they would lose any such argument. See Farmer v. Brennan, 511 U.S. 825, 832, 128 L.Ed. 2d 811, 114 S.Ct. (1994). The

-39-

Eighth Amendment prohibits cruel and unusual punishment of prisoners.
Rhodes V. Chapman, 452 U.S. 337, 69 L.Ed. 2d, 59, 101 S.Ct. 2392 (1981). Practices that involve unnecessary and unrestricted infliction of pain are prohibited.

>Deference to prison officials does not give them Constitutional license to torture inmates. See Wilkerson V. Utah, 99 U.S. 130, 136, 25 L.Ed. 345 (1878).

Id. Please see cited cases.

An example of how meritorious these claims are, Id., Notwithstanding the defendants undeniable Supervisory Official responsibilities, and notwithstanding the fact that use of restraints is hardly an exceptional occurrence at Northern, there is no formal training (to their subordinates) with respect to how to properly and safely handcuff a Seriously injured inmate, indeed, there is no handcuffing training, formal or informal, of any Kind at all. Please See Exhibit L., Oglesby's Interrogatory responses at 5. And Exhibit K., Whidden's Interrogatory responses at 5.

-60-

In addition: Notwithstanding the defendants undeniable supervisory official responsibilities, notwithstanding the fact that the use of restraints is hardly an exceptional occurrance at Northern, and notwithstanding the fact of the excessive risk of harm, there is no formal training (to their subordinates) provided in how to determine whether or not a inmate can be handcuffed behind his back or in front. Incredibly, there is no training, formal or informal, of any kind at all. Please see Exhibit L., Oglesby's Interrogatory response at 6. And Exhibit K., Whidden's Interrogatory response at 6. The Supervisory Officials in this case [respectfully] face liability for failure to train and supervise subordinates. Which led to the Unconstitutional violations of 338 days of excessive force Id., and the plaintiff's injuries. The defendants are also liable in this case for their policy and custom of forcefully handcuffing seriously injured inmates behind their backs. Further, the record makes clear in this case (see Exhibits) that the defendants are liable for the excessive force (338 Days) and failure to protect the plaintiff from the said excessive force, because after learning of the violation they failed to remedy the wrong. Id.

-61-

Wherefore, the defendants' motion should be denied in its entirety.

        Respectfully Submitted
        The Plaintiff
        *Duane Ziemba*
        Duane Ziemba #128963
        Garner C.I.
        50 Nunnawauk Road
        Newtown, CT. 06470

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 1st day of November 2005:

Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

        By: *Duane Ziemba*
            Duane Ziemba